UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MARK SOBOCIENSKI,

      Plaintiff,

vs.

Case No..

STUDENT ASSISTANCE CORPORATION,
NAVIENT SOLUTIONS, LLC, f/k/a NAVIENT
SOLUTIONS, INC; and Navient Corporation,

      Defendant

_____/

## NOTICE OF REMOVAL

The Defendants, STUDENT ASSISTANCE CORPORATION, ("SAC"), and NAVIENT SOLUTIONS, LLC, f/k/a NAVIENT SOLUTIONS, INC., ("NSL"), by and through the undersigned counsel, hereby give notice that the case entitled *Mark Sobocienski v. Student Assistance Corporation, Navient Solutions LLC, and Navient Corp.*, Case No. 2018-027797-CA-01, is being removed from the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446. In support of this Notice, Defendants SAC and NSL state:

### STATEMENT OF THE CASE

1. On or about August 15, 2018, Plaintiff filed this action against Defendant, in the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida under the caption of *Mark Sobocienski v. Student Assistance Corporation, Navient Solutions LLC, and Navient Corp.*, Case No. 2018-027797-CA-01. Upon information and belief, Plaintiff purportedly served Defendants SAC and NSL with the initial Complaint on August 20, 2018 and August 18, 2018 respectively. Accordingly, this Notice of Removal is timely filed under 28 U.S.C. section 1446(b) as it is

Case No. CaseNumber

within 30 days of receipt of the initial pleading. A copy of the state court Complaint is attached hereto as Exhibit "2", and a copy of the remaining court file, i.e., summons is attached hereto as Exhibit "3" pursuant to 28 U.S.C. section 1446(a).

2. The Complaint contains alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. section 1692 ("FDCPA"), Florida Consumer Collection Practices Act ("FCCPA"), Fla.Stat. 559.55, *et seq.*, and Telephone Consumer Protection Act, 47 U.S.C. section 227 ("TCPA").

## BASES FOR REMOVAL

### A. Federal Question Jurisdiction

3. 28 U.S.C. section 1441(a) provides as follows:

[A]ny civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

4. As such, this action is a civil action and is one over which this Court has original subject matter jurisdiction under 28 U.S.C. section 1331, and is an action that can be removed to this District Court pursuant to 28 U.S.C. section 1441, because Plaintiff alleges violations of the FDCPA and TCPA. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 752-53 (2012); *Speidel v. American Honda Finance Corp.*, 2014 WL 820703 * 2 (M.D. Fla. Mar. 3, 2014).

5. This Court also has supplemental jurisdiction over Plaintiff's state law claims, because those claims are so related to Plaintiff's FDCPA and TCPA claims that they form part of the same case and controversy under Article III of the United States Constitution. Accordingly, all of Plaintiff's remaining claims are removable. *See* 28 U.S.C. § 1367(a).

6. Therefore, this Court has federal question jurisdiction over Plaintiff's Complaint.

Case No. CaseNumber

### B. Diversity Jurisdiction

7. United States district courts have diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs," and is between citizens of different States. *See* 28 U.S.C. § 1332.

8. First, the amount in controversy exceeds $75,000.00. In his Complaint, Plaintiff claims he is entitled to statutory damages in the sum of $500-$1,500 per telephone call allegedly placed to his cellular telephone by NSL, in violation of the TCPA. *See* Complaint, ¶ 42. Plaintiff also alleges that over 100 such calls were placed. *See id.*, ¶ 23. Accordingly, Plaintiff seeks up to $150,000.00 in statutory damages on his TCPA claims alone, in addition to damages under the FDCPA and FCCPA.

9. Second, there is complete diversity of citizenship in this action under 28 U.S.C. section 1332(a). According to his Complaint, Plaintiff is an individual residing in the state of Florida and is a citizen thereof. *See* Complaint, ¶ 9.

10. NSL is a limited liability company organized under the laws of the state of Delaware with a principal place of business in Reston, Virginia. The citizenship of a limited liability company is determined by the citizenship of all its members. *See, e.g., Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412 (3rd Cir. 2010). NSL's sole member is Navient Corporation, which itself is incorporated in and has a principal place of business in the state of Delaware. SAC is also organized under the laws of the state of Delaware, and has a principal place of business in Muncie, IN. Accordingly, NSL, SAC, and Navient Corporation are citizens of Delaware for the purposes of determining diversity jurisdiction, and none of them are citizens of Florida.

11. Therefore, this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. section 1332(a) because the matter in controversy exceeds the sum or value of $75,000.00 and the dispute is between citizens of different States. *See* 28 U.S.C. § 1332(a)(1).

## CONCLUSION

12. The Eleventh Judicial Circuit of Florida is located in the Southern District of Florida, Tampa Division. Furthermore, Plaintiff is a resident of Miami-Dade County. Venue is therefore proper in this Court. *See* 28 U.S.C. § 1441(a).

13. Undersigned counsel has also been retained as counsel for Defendant, Navient Corporation, and represents that this filing constitutes written consent[1] for the removal of this action to the United States District Court for the Southern District of Florida.

14. Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of any Defendants' rights to assert any defense or affirmative matter.

15. A copy of this Notice has been served contemporaneously with the Clerk of the County Court in and for Miami-Dade County, Florida, pursuant to 28 U.S.C.§ 1446(d) and will be served upon counsel for Plaintiff.

WHEREFORE, Defendants SAC and NSL, respectfully request that this case proceed in this Court as an action properly removed to it.

## CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to

---

[1] This limited appearance on behalf of Navient Corporation consenting to the removal of the action to federal court is done without prejudice to Navient Corporation's right to contest personal jurisdiction, and does not constitute a waiver of any arguments relating to the same.

Case No. CaseNumber

the following: Michael Van Cleve, Esquire, 99 NW 183rd St., Room 242B, North Miami Beach, FL 33169; michael@michaelvanclevelaw.com; Telephone: (334) 233-8842.

        *s/ West A. Holden*
        West A. Holden
        Florida Bar No. 0113569
        wholden@hinshawlaw.com
        HINSHAW & CULBERTSON LLP
        100 South Ashley Drive
        Suite 500
        Tampa, FL 33602
        Telephone: 813-276-1662
        Facsimile: 813-276-1956
        Secondary: twest@hinshawlaw.com
        Attorneys for Defendants, SAC, NSL, and Navient Corp.

302486388v1 1012821