IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

| | |
|---|---|
| MARK SOBOCIENSKI,<br>individually,<br><br>    Plaintiff,<br><br>v.<br><br>STUDENT           ASSISTANCE<br>CORPORATION,<br>a foreign corporation,<br>and<br>NAVIENT   SOLUTIONS,   LLC,   f/k/a<br>NAVIENT SOLUTIONS, INC.<br>a foreign limited liability company, and<br>NAVIENT CORPORATION,<br>a foreign corporation, together as<br><br>    Defendants. | Case No.: 2018–027797-CA-01<br><br>Division: Civil |

## ORIGINAL COMPLAINT

**COMES NOW** Plaintiff MARK SOBOCIENSKI, ("Sobo") by and through undersigned counsel, who brings this complaint under 47 U.S.C. § 227 *et seq.*, Telephone Consumer Protection Act ("TCPA"), Florida's Consumer Collection Practices Act ("FCCPA") Fla. Stat. § 559.72 (2010), and the Fair Debt Collection and Practices Act 15 U.S.C. § 1692, *et seq.*, against Defendant STUDENT ASSISTANCE CORPORATION ("SAC") and Defendant NAVIENT CORPORATION ("Navient") and NAVIENT SOLUTIONS, LLC f/k/a Navient Solutions, Inc., ("NSL"). Plaintiff alleges as follows:

## JURISDICTION

1.    This is an action for damages in excess of $15,000.00, exclusive of pre-judgment interest, costs, and attorney's fees. Therefore, jurisdiction in this court is proper.



2.      This Court has jurisdiction under 47 U.S.C. § 227(b)(3). Congress conferred concurrent jurisdiction to the States to bring TCPA claims under 47 U.S.C. § 227.

3.      This Court also has jurisdiction under Florida's Consumer Collection Practices Act, Fla. Stat. 559.72 (2010).

4.      This court has jurisdiction under the Fair Debt Collection and Practices Act under 15 U.S.C. § 1692k(d).

5.      This court has personal jurisdiction over SAC and Navient through Fla. Stat. 48.193(2) (2016), as SAC and Navient purposefully and intentionally engaged in substantial business activity in Florida and should have anticipated being hauled into court in the state of Florida. Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985).[1]

6.      This court has personal jurisdiction over NSL through Fla. Stat. 43.193(1)(a)(1), as a legal person carrying on business in this state.

## VENUE

7.      Venue is proper in this county because Sobo resides in Miami-Dade County.

8.      Venue is also proper in this county as the incidents complained of occurred in Miami-Dade County – all calls made by Navient or its subsidiaries, SAC and NSL, were received by Sobo in Miami-Dade County.

## PARTIES

9.      Sobo is a natural person, and a citizen of the State of Florida, residing in Miami-Dade County, Florida.

---

[1] "The foreseeability that is critical to due process analysis . . . is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985).

10.     Sobo's allegations below are made upon personal knowledge as to himself and his own acts and experiences, and as to all matters, upon information and belief, including facts made known to him through investigation prior to this lawsuit.

11.     Navient and SAC are two interrelated corporations.

    a.  Navient is a management company headquartered in Wilmington, Delaware, in the business of collecting and servicing debts such as student loans. Navient is a parent company and owns SAC. Navient was formerly known as Sallie Mae.

    b.  SAC collects outstanding and delinquent debts through standard debt collection practices.

    c.  NSL is a limited liability company with its principal office in Reston, Virginia, that focuses on servicing student loans and is also an affiliate of SAC.

12.     Navient and SAC conduct business inside Florida but are not registered corporations in the State of Florida.

13.     NSL is a foreign limited liability company registered in the State of Florida.

## GENERAL ALLEGATIONS

14.     Sallie Mae Corporation, or Sallie Mae for short, is a publicly traded corporation that focused on consumer banking and private loans. Those loans were both private and federal.

15.     In the 2000s, Sallie Mae was criticized, investigated, and subjected to several lawsuits as a result of their business practices and debt collection practices. One such lawsuit was Arthur v. Sallie Mae, Inc. Case No. C10-0198JLR (W.D. Dist. Court 2010), which was a massive class action lawsuit where Sallie Mae was alleged to have violated the TCPA for

thousands of American consumers. Sallie Mae had made it a business practice to use auto-dialing systems and prerecorded messages to contact consumers on their telephones without their consent. Eventually, Sallie Mae settled the lawsuit with all class members by compensating class members with the Arthur Settlement fund.

16.    Sobo is not subject to the Arthur class action settlement terms:

    a.   Sobo is not an Arthur class action member.

    b.   Even if Sobo could be considered an Arthur class action member, Sobo never received actual notice of the settlement by email, mail, or by phone, which is required by the Arthur class action settlement.

    c.   At all relevant times, Sobo never found about the Arthur class action settlement through any national publications or the internet.

    d.   Even if Sobo was an Arthur class action member, he never received actual notice by mail, email, or phone, that he could opt out of the Arthur class action.

    e.   Even if Sobo received notice that he could opt out of the Arthur class action settlement, he never filed a claim for monetary compensation from the Arthur class action settlement fund, or received any compensation whatsoever as a benefit from the Arthur class action settlement.

    f.   Neither Navient or SAC or NSL have proven that they are entitled to any benefits of the Arthur class action settlement or are a released party under the settlement; for example, they have not provided proof to Sobo that they complied with CAFA Notice under 28 U.S.C. § 1715(b).

17.     In 2014, Sallie Mae changed its name or created a new company called Navient or

NSL, and continued working with American consumers for private and federal student loans.

18.     Navient and its subsidiaries, such as SAC and NSL, continued to engage in mass

transmission of unsolicited robocalls to cellular phones nationwide as part of an effort to collect

on its debts and student loan fees without representatives having to manually place the call.

19.     In 2005, Sobo departed his hometown to live in Miami-Dade County and attend

law school at St Thomas University School of Law.

20.     To pay for his law school education, Sobo took out several student loans.

21.     Sometime after graduation from St Thomas University School of Law, Navient, in

conjunction with SAC or NSL or its other subsidiaries, either as an originator or servicer, gained

control over Sobo's student loans.

22.     Navient, in conjunction with SAC or NSL or its other subsidiaries, incessantly

called Sobo for his delinquent student loans with automated dialing systems that do not require

human intervention[2], systems that dial randomly or sequentially, or with a predictive dialing

system, and also called him with prerecorded messages.[3]

23.     Navient, in conjunction with SAC or NSL or its other subsidiaries, placed

automated telephone calls to Sobo's cellular telephone (305) 333-7587, over a hundred (100)

---

[2] Automatic telephone dialing systems are commonly referred to in this complaint as auto-dialers, automated dialing equipment, and predictive dialers.

[3] Sobo's call logs are attached to this complaint and each log is alleged as an illegal robocall placed by SAC's autodialing systems to Sobo. This pleading has been found sufficient in this jurisdiction. See McBeth v. Credit Protection Association, LP, (Case No. 8:14-cv-606-T-36AEP) (M.D. Fla. July 20, 2015). See also Brown v. Flagstar Bancorp, Inc., Case No. 8:13-cv-2596-T-33TBM (M.D. Fla. February 3, 2014), stating, "Unlike the Plaintiffs in the present case, the plaintiff in Bresko had attached to the complaint a call log reflecting unanswered missed calls allegedly from the defendant. Id. at *1. Notwithstanding the absence of such a call log in the present case, the Court finds Bresko's rationale to apply equally here, as the Court accepts as true all factual allegations in the Complaint — including Plaintiffs' allegations that they received the relevant phone calls from Flagstar."

times using an automatic telephone dialing system to collect on an alleged debt owed to Navient, after Sobo revoked his prior express consent, if ever given, to receive robocalls on his cellular telephone.[4]

24.     Despite Sobo telling Navient and its subsidiaries such as SAC and NSL to stop calling him at work, they called him again and again, whether he was at work or not and still with an automatic telephone dialing system.

25.     Navient, in conjunction with SAC or NSL or its other subsidiaries, willfully made or placed several phone calls to Sobo after Sobo revoked his consent.

26.     Sobo experienced the nuisance, aggravation, and invasion of privacy that necessarily accompanies robocalls.

27.     Navient, in conjunction with SAC or NSL or its other subsidiaries, violated the statutory rights and common law rights of Sobo, and has caused actual harm by

　　a.   Effectuating these unauthorized calls by using up data on his phone

　　b.   Diminishing his cellular battery

　　c.   Disrupting his work with incessant ringing

　　d.   Generally wasting his time

　　e.   Clouding his voicemail

　　f.   And intentionally annoying Sobo and his family members.

28.     Sobo denies ever giving Navient or SAC or NSL prior express consent to call him with automated equipment or with prerecorded messages; however, even if Sobo did give Navient or SAC or NSL prior express consent to call him, through deferment or by being a

---

[4] The illicit phone calls made with an auto-dialer or predictive dialer are attached to this complaint.

member of the Arthur class action settlement, Sobo revoked his consent[5] and Navient, directly or

through SAC or NSL or some other subsidiary, still continued to call him. In fact, Navient,

through its subsidiaries such as SAC or NSL, willfully or knowingly made phone calls with a

prerecorded message or an artificial voice and always with an auto-dialer from as early as July

11, 2017 to August 17, 2017, despite Sobo's revocation of any prior express consent that may

have been given to Navient or SAC or NSL.

29.     At all relevant times, Sobo paid the bills on the cell phone called, treated the

phone as his own, and routinely received phone calls on the cell phone. Therefore, Sobo was

always the "called party[6]."

30.     Prior to the initiation of this lawsuit, Sobo sought to examine the promissory notes

for the loans serviced by Navient or its subsidiaries, SAC and NSL.

31.     Therefore, Sobo made several requests directly to SAC to evaluate the promissory

notes controlled by Navient or SAC or NSL.

       a.  First, by and through the undersigned, in a letter dated December 20,

           2017, Sobo asked SAC to produce, among other things, copies of all his

           promissory notes for student loans owned or serviced by Navient or NSL

           or SAC. This request was sent on December 21, 2017, directly to Navient

---

[5] In this jurisdiction, a consumer can revoke their prior express written consent, bargained for or gratuitous, either orally or written. See Schweitzer v. Comenity Bank, 866 F.3d 1273, 1276-1278 (11th Cir. 2017), stating, ""allowing consent to be revoked orally is consistent with the government interest articulated in the legislative history" of the TCPA — namely, enabling the recipient of incessant and unwanted calls to "tell[ ] the autodialers to simply stop calling . . . consumers may revoke consent in any manner that clearly expresses a desire not to receive further messages."

[6] The TCPA requires the prior express consent of the called party prior to any entity using an ATDS. The FCC, in its 2015 ruling, has stated the called party is either the customary user of the phone or the subscriber of the phone. "Plaintiff does not have to allege that he is the subscriber in order to state a claim under the statute, he only must allege he is the called party, which Plaintiff does in his Complaint." Legg v. Quicken Loans, Inc., (Case No. 14-61116-Civ-Scola) (S.D. Fla. 2015).

to the following emails: Dana.Rhync@navient.com and

Nicole.Stolba@navient.com. Navient did not produced Sobo's promissory

notes.

b. Second, Sobo sent SAC another letter dated January 2, 2018, requesting

that Navient send him evidence which would show that they did not

violate the TCPA, including any language in his promissory notes. The

letter was sent by email to the following addresses:

julie.sheldon@navient.com and Nicole.Stolba@navient.com on January 3,

2018. Navient did not produce the promissory notes.

c. Third, Sobo contacted SAC by phone, where a representative ensured

Sobo that SAC would provide him copies of his promissory note by email.

SAC did not provide the promissory notes by email.

d. Fourth, Sobo contacted SAC by email to the email address,

sacindy@studentassistcorp.com. On January 25, 2018, Sobo received a

response from Samuel of Repayment Solutions, who had the email

RepaymentSolutions@glhec.org, asking for additional information such as

his account number, social security number, and date of birth prior to

providing copies of his promissory notes. SAC nor Navient provided Sobo

his promissory notes.

e. Fifth, after providing this information via email, Mark received yet

another email, this time from a representative named Tiffany by the email

repaymentsolutions@glhec.org, who stated that they would be unable to

provide copies of his promissory notes.

f.  Sixth, in a letter dated and sent to SAC on February 20, 2018, Sobo

requested that he be sent a copy of his promissory notes in 30 days. Sobo

sent this letter to SAC by mail and to SAC by email at

sacindy@studentassistcorp.com and to the following email

RepaymentSolutions@glhec.org. Neither SAC nor Navient nor

Repayment Solutions sent him a copy of his promissory notes.

g.  Seventh, on March 1, 2018, Sobo received yet another email from

RepaymentSolutions@glhec.org, explaining that he should reach out to

Navient again to get copies of his promissory notes. However, to this date,

Sobo has not received copies of any of his promissory notes for his student

loans.

32.     Despite Sobo's patient and repeated requests, Navient and its subsidiaries, such as

NAC and NSL, or agents thereof, refused to give Sobo copies of his promissory notes so that he

could evaluate the terms of the promissory notes, even though they incessantly called Sobo to

make payments on those loans.

33.     Because Sobo has suffered actual damages as a result of these phone calls, he is

entitled to general and statutory damages, costs, and attorney's fees.

## COUNT I AS TO ALL DEFENDANTS
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

34.     Sobo incorporates Paragraphs 1 through 33.

35.     Navient, in conjunction with SAC or NSL, or its other subsidiaries, placed calls to

Sobo's cell phone by using an automatic telephone dialing system and/or played an artificial or

prerecorded voice when calling his cell phone in violation of 47 U.S.C. § 227(b)(1)(A)(iii). Sobo

received a bombardment of phone calls, sometimes several calls a day, which is indicative of a company using an automatic telephone dialing system.[7] In fact, on August 12, 2017, SAC admitted, while telephonically speaking with Sobo, that they were calling Sobo with an automatic telephone dialing system.

36.     The definition of an automated or automatic telephone dialing system is split amongst the jurisdictions. Generally, an automatic telephone dialing system is a system that does not involve human intervention and also dials numbers randomly or sequentially when placing the phone call. Navient or its subsidiaries like SAC and NSL, all used such systems when calling Sobo.

37.     Even if Navient or SAC or NSL or some other subsidiary of Navient, did not use a traditional automated telephone dialing system, they still used a predictive dialer which the FCC still considers to be an auto-dialing system.[8] Predictive dialers store pre-programmed numbers or receive numbers from a computer database and then dial those numbers to maximize call effectiveness for business. Predictive dialers initiate phone calls while telemarketers are talking to other consumers and frequently abandon calls before a telemarketer is free to take the next call, at the expense of the consumer. Predictive dialers usurp the ability of the consumer to revoke their consent by sometimes causing a phone call to drop before the call is accepted by the recipient, and can create the perception of being stalked, and are also generally annoying.

38.     Despite the most recent ruling in D.C., ACA International v. FCC (Case No. 15-1211) (Decided March 16, 2018), the 11th Circuit and Federal District Courts under this

---

[7] These phone calls are attached to the complaint.
[8] The following FCC Declaratory Rulings, FCC 03-153 (Adopted June 26, 2013 and Released July3, 2003) and FCC 07-232 (Adopted December 28, 2007 and Released January 4, 2008), find predictive dialers to be automated dialing systems under the TCPA.

jurisdiction have still continued to find that predictive dialing systems are automatic telephone

dialing systems under the TCPA[9], and therefore, ACA International is not binding in this

jurisdiction.[10]

39.     Even if only SAC or NSL made the prohibited phone calls, Navient is still liable

for their actions because Navient exercises sufficient control over SAC and NSL to be

vicariously liable. "A defendant is vicariously liable for violations of the TCPA where common

law principles of agency would impose it." Jones v. Royal Admin. Services, Inc., 887 F. 3d 443

(9th Cir. 2018).

40.     Sobo alleges that each and every phone call attached to this complaint was

prohibited under the TCPA. However, if Navient or SAC or NSL argues differently by stating

that some or all of the phone calls were made to satisfy a debt owed to the United States, Sobo

alleges such debts are STILL prohibited because the FCC in a 2016 ruling, found that even

debtors making calls which could be construed as debt collection calls for federal loans cannot

make more than 3 phone calls every 30 days, and zero phone calls if consent is revoked.[11]

Navient, directly or through its subsidiaries such as SAC and NSL, violated this rule.

---

[9] See Swaney v. Regions Bank, No. 2:13-cv-00544-JHE, 2018 U.S. Dist. LEXIS 85217, at *2 (N.D. Ala.
May 22, 2018), where the court stated, ""while some predictive dialers cannot be programmed to generate
random or sequential phone numbers, they still satisfy the statutory definition of an ATDS" and the
primary consideration on whether a telephone dialing system is an ATDS is "whether human intervention
is required at the point in time at which the number is dialed." This is a Post ACA International decision.
[10] In Abante Rooter and Plumbing, Inc. v. Alarm. Com, Case No. 15-cv-06314, 2018 WL 3707283 (N.D.
Cal. Aug. 3, 2018), the Northern District of California found that the FCC can expand the statutory of the
TCPA and that predictive dialers are still prohibited under the TCPA in the 9th Circuit post ACA
International.
[11] FCC 16-99 (2016), stating, "In paragraphs 33 through 37 of the Order, we limit the number of federal
debt collection calls to three calls within a thirty-day period while the delinquency remains or following a
specific, time-sensitive event, and in the 30 days before such an event."

41.    Therefore, all the attached calls were not legally permitted under any provision of the aforementioned statute.

42.    Sobo requests that this court enter judgment in favor of Sobo and against Navient and SAC and NSL for:

      a.    $500 dollars in statutory damages for each violation of the TCPA over the last four years;

      b.    $1500 dollars in statutory damages for each knowing or willful violation of the TCPA over the last four years.

      c.    Costs and such other or further relief as the Court deems proper.

**COUNT II AS TO ALL DEFENDANTS**
**VIOLATION OF FLORIDA'S CONSUMER COLLECTIONS AND PROTECTION ACT**
**("FCCPA"), TITLE XXXIII CHAPTER 559.72(7): HARASSING PHONE CALLS TO A**
**DEBTOR**

43.    Sobo incorporates paragraphs 1 through 33.

44.    Navient and SAC and NSL are persons as defined in Florida Statute Title XXXIII Chapter 559.72(1) and creditors defined in Florida Statute Title XXXIII Chapter 559.55.

45.    Sobo is both a debtor and a consumer as defined in both Florida Statute Title XXXIII Chapter 559.72(1) and Florida Statute Title XXXIII Chapter 559.55.

46.    Navient, directly or through its subsidiaries like SAC OR NSL, engaged in several communications to Sobo and other third parties as defined in both Florida Statute Title XXXIII Chapter 559.72 and Florida Statute Title XXXIII Chapter 559.55.

47.    Navient, directly or through its subsidiaries like SAC or NSL, intentionally and or willfully engaged in harassing phone calls to Sobo. Phone calls that were made with auto-dialers or with an automated telephone dialing system.

48.    Navient, directly or through its subsidiaries like SAC or NSL, intentionally

violated Florida Statute Title XXXIII Chapter 559.72(7) which states, "[no person shall]

willfully communicate with the debtor or any member of her or his family with such frequency

as can reasonably be expected to harass the debtor or her or his family, or willfully engage in

other conduct which can reasonably be expected to abuse or harass the debtor or any member of

her or his family."

49.    Therefore, Sobo requests that this court enter judgment in favor of Sobo and

against all Defendants for general damages, attorney's fees, and other relief as the court deems

proper.

### COUNT III AS TO ALL DEFENDANTS
### VIOLATION OF FLORIDA'S CONSUMER COLLECTIONS AND PROTECTION ACT ("FCCPA"), TITLE XXXIII CHAPTER 559.72(4): COMMUNICATING TO A DEBTOR'S EMPLOYER

50.    Sobo incorporates paragraphs 1 through 33.

51.    Navient and SAC and NSL are persons as defined in Florida Statute Title XXXIII

Chapter 559.72(1) and creditors defined in Florida Statute Title XXXIII Chapter 559.55.

52.    Sobo is both a debtor and a consumer as defined in both Florida Statute Title

XXXIII Chapter 559.72(1) and Florida Statute Title XXXIII Chapter 559.55.

53.    Navient, directly or through its subsidiaries like SAC and NSL, engaged in

several communications to Sobo and other third parties as defined in both Florida Statute Title

XXXIII Chapter 559.72 and Florida Statute Title XXXIII Chapter 559.55.

54.    Some of the communications which were made in paragraph (51) of this

complaint were made to Sobo's workplace and employer about an alleged debt, without first

obtaining a final judgment against Sobo.

55.     Those communications were prohibited under Chapter 559.72(4).

56.     Therefore, Sobo requests that this court enter judgment in favor of Sobo and against all defendants for general damages, attorney's fees, and other relief as the Court deems proper.

**COUNT IV AS TO SAC AND NSL**
**VIOLATION OF THE FAIR DEBT COLLECTION AND PRACTICES ACT, 15 U.S.C. §**
**1692c, COMMUNICATION TO A DEBTOR'S EMPLOYER**

57.     Sobo incorporates paragraphs 1 through 33.

58.     Sobo is a consumer under 15 U.S. Code § 1692c(d).

59.     A debt collector defined under the act is "those whose principal purpose is the collection of any debts, and those who regularly collect debts owed another are subject to its proscriptions. Those entities whose principal business is to collect the defaulted debts they purchase seek to avoid the Act's reach. We believe such an entity is what it is—a debt collector." Tepper v. Amos Financial, LLC, Case No. 17-2851 (3rd Cir. August 7, 2018).

60.     SAC and NSL are debt collectors under 15 U.S. Code § 1692a(6).

61.     The student loan debt managed and serviced, which SAC or NSL attempted to collect, is a debt as defined under 15 U.S. Code § 1692a(5).

62.     SAC or NSL, directly or under the direction and instruction of Navient, contacted Sobo's employer by phone to his employer's phone, revealing personal information about his student loan debt.

63.     The phone calls were prohibited under 15 U.S. Code § 1692c(a)(3).

64.     Therefore, Sobo requests that this court enter judgment in favor of Sobo and against SAC and NSL for general damages, statutory damages, attorney's fees, and other relief as the Court deems proper.

## COUNT V AS TO SAC AND NSL
## VIOLATION OF THE FAIR DEBT COLLECTION AND PRACTICES ACT, 15 U.S.C. § 1692d, HARASSING COMMUNICATION TO A DEBTOR

65.    Sobo incorporates paragraphs 1 through 33.

66.    Sobo is a consumer under 15 U.S. Code § 1692c(d).

67.    A debt collector defined under the act is "those whose principal purpose is the collection of any debts, and those who regularly collect debts owed another are subject to its proscriptions. Those entities whose principal business is to collect the defaulted debts they purchase seek to avoid the Act's reach. We believe such an entity is what it is—a debt collector." Tepper v. Amos Financial, LLC, Case No. 17-2851 (3rd Cir. August 7, 2018).

68.    SAC and NSL are debt collectors under 15 U.S. Code § 1692a(6).

69.    The student loan debt managed and serviced, which SAC attempted to collect, is a debt as defined under 15 U.S. Code § 1692a(5).

70.    SAC or NSL, directly or under the direction of Navient, intentionally and or willfully engaged in harassing phone calls to Sobo. Phone calls that were made with auto-dialers or with an automated telephone dialing system.

71.    Therefore, Sobo requests that this court enter judgment in favor of Sobo and against SAC and NSL for general damages, statutory damages, attorney's fees, and other relief as the Court deems proper.

### JURY DEMAND

72.    Sobo demands a trial by jury.

Respectfully submitted,

**Attorney for Mark Sobocienski**
**Michael Van Cleve, Law**

Original Complaint
Mark Sobocienski v. Navient Corporation, et al
Page **16** of **16**

Michael Van Cleve, Esquire
99 NW 183rd Street, Room 242B
North Miami Beach, FL 33169
Telephone: (334) 233-8842
Email: michael@michaelvanclevelaw.com

By_____
    MICHAEL VAN CLEVE, ESQ.
    FLORIDA BAR NO.: 89413

# EXHIBIT 1:
# Prohibited Phone Calls and Prerecorded Messages

## ALL PHONE CALLS ATTACHED WERE MADE IN THE YEAR 2017

# EXHIBIT 2:
# Affidavit in Support
# of Complaint

‹     716                   ✕

**A faster way to explore**       ✕

Find places nearby without a browser or map, then call them right away.

**START**

RECENTS ———————————————— 4 FOUND ⌃

**+1 716-800-6878**
New York                        Jul 31

**+1 716-800-6878**
New York                        Jul 28

**+1 716-800-6878 (4)**
New York                        Jul 27

**+1 716-800-6878**
New York                        Jul 25

< __716__                                      ✕

**A faster way to explore**                    ✕

Find places nearby without a browser or map, then call
them right away.

**START**

RECENTS ———————————— 5 FOUND ⌃

  **+1 716-800-6878**
         ⚔ New York                          Aug 4

  **+1 716-800-6878**
         ⚔ New York                          Jul 31

  **+1 716-800-6878**
         ⚔ New York                          Jul 28

  **+1 716-800-6878 (4)**
         ⚔ New York                          Jul 27

  **+1 716-800-6878**
         ⚔ New York                          Jul 25

| 716 | 716th | 71630pm | ＞ |

1    2    3    4    5    6    7    8    9    0

⇄            ☐            ↓

‹   716   ✕

RECENTS ───────────── 10 FOUND ⌃

1 716-800-6878
New York                                    Aug 16

+1 716-800-6878
New York                                    Aug 16

+1 716-800-6878
New York                                    Aug 12

+1 716-800-6878
New York                                    Aug 11

+1 716-800-6878 (2)
New York                                    Aug 9

+1 716-800-6878
New York                                    Aug 8

+1 716-800-6878
New York                                    Aug 4

+1 716-800-6878
New York                                    Jul 31

+1 716-800-6878
New York                                    Jul 28

+1 716-800-6878
New York                                    Jul 27



## Message

### Unknown number
### +1-765-637-9503

🕐 Jul 19
11:49 AM



0:02                    1:24

📞 Call      ✉ Message      🚩 Unread

🔊 Hi this message is for Mark service(?) and steve(?) this is Andrew watley(?) calling from Navia calling in reference to a student loan now being serviced by our company. I'd like to go over the different options available with you that maybe able to lower your current monthly payment. Give a call back at 844-527-3424. Be in the office this evening until nine Eastern Standard Time. Again that's 844-527-3424. Thank you and have a good day. 🔊





**Unknown number**
+1-765-637-9503

🕐 Jul 14
8:47 AM

0:00                    0:29

📞 Call          ✉ Message          🚩 Unread

❚❚ Hi this message is for mark(?) ... ski this is Elizabeth Murphy calling with Navia calling today in regards to a student loan our company is now servicing. We are reaching out today to go over payment options that could possibly lower the current monthly payments. If you could please return my call our number here is 844-527-3424. We will be here until 5:00 PM Eastern Time this evening to help assist you. Thank you and have a wonderful day. ❚❚



30 of 50

〈   **765**                                              ✕

**+1 765-637-9503 (3)**
Indiana                                            Jul 24

**+1 765-637-9503 (2)**
Indiana                                            Jul 21

**+1 765-637-9503**
Indiana                                            Jul 20

**+1 765-637-9503**
Indiana                                            Jul 19

**+1 765-637-9503 (2)**
Indiana                                            Jul 18

**+1 765-637-9503**
Indiana                                            Jul 17

**+1 765-637-9503**
Indiana                                            Jul 15

**+1 765-637-9503**
Indiana                                            Jul 14

**+1 765-637-9503**
Indiana                                            Jul 13

**+1 765-637-9503 (2)**
Indiana                                            Jul 11

**+1 877-650-8173**
Unsaved                                            Jul 11

Ringtone ⌄

🔊))  ●



**A faster way to explore**                    ✕

Find places nearby without a browser or map, then call
them right away.

START

CONTACTS ──────────── 2 FOUND ⌄

RECENTS ──────────── 4 FOUND ⌃

1 765-637-0777
Indiana                                    Aug 18

+1 765-637-0777
Indiana                                    Aug 17

+1 765-637-0777
Indiana                                    Aug 16

+1 765-637-0777
Indiana                                    Aug 14

765          lt50s          lt5th          >

< 386269|                                    ✕

+1 386-269-0662 (3)
✕ Florida                                    Jul 21

+1 386-269-0662 (3)
✕ Florida                                    Jul 20

+1 386-269-0662 (3)
✕ Florida                                    Jul 19

+1 386-269-0662 (3)
✕ Florida                                    Jul 18

+1 386-269-0662 (3)
✕ Florida                                    Jul 17

+1 386-269-0662 (2)
✕ Florida                                    Jul 16

+1 386-269-0662 (3)
✕ Florida                                    Jul 15

+1 386-269-0662 (4)
✕ Florida                                    Jul 14

+1 386-269-0662 (3)
✕ Florida                                    Jul 13

+1 386-269-0662 (3)
✕ Florida                                    Jul 12

+1 386-269-0662 (3)
✕ Florida                                    Jul 11

< 386269 ✕

+1 386-269-0662 (2)
Florida                          Jul 29

+1 386-269-0662 (2)
Florida                          Jul 28

+1 386-269-0662
Florida                          Jul 28

+1 386-269-0662
Florida                          Jul 28

+1 386-269-0662 (3)
Florida                          Jul 27

+1 386-269-0662 (3)
Florida                          Jul 26

+1 386-269-0662 (3)
Florida                          Jul 25

+1 386-269-0662 (3)
Florida                          Jul 24

+1 386-269-0662 (2)
Florida                          Jul 23

+1 386-269-0 (3)
Florida                          Jul 22

AM            de            s            >



12:20 PM   53%

+13342338842(2)   I know who they are they are student a...

## A faster way to explore   ✕

Find places nearby without a browser or map, then call them right away.

**START**

RECENTS ————————— 25 FOUND ⌃

+1 386-269-0662
☎ Florida                          Aug 1

+1 386-269-0662 (2)
☷ Florida                          Aug 1

+1 386-269-0662
☷ Florida                          Jul 31

+1 386-269-0662 (2)
☷ Florida                          Jul 30

+1 386-269-0662 (2)
☷ Florida                          Jul 29

+1 386-269-0662 (2)
☷ Florida                          Jul 28

+1 386-269-0662
☷ Florida                          Jul 28

AM            de            s            >



‹   386                                              ✕

RECENTS ────────────────────────  36 FOUND  ⌃

+1 386-269-0662 (3)
Florida                                          Aug 3

+1 386-269-0662 (2)
Florida                                          Aug 2

+1 386-269-0662
Florida                                          Aug 2

+1 386-269-0662
Florida                                          Aug 1

+1 386-269-0662 (2)
Florida                                          Aug 1

+1 386-269-0662
Florida                                          Jul 31

+1 386-269-0662 (2)
Florida                                          Jul 30

+1 386-269-0662 (2)
Florida                                          Jul 29

+1 386-269-0662
Florida                                          Jul 28

+1 386-215-2323
Florida                                          Jul 28

+13862690662

RECENTS ───────────────── 28 FOUND ∧

+1 386-269-0662 (2)
Florida
Aug 6

+1 386-269-0662 (2)
Florida
Aug 5

+1 386-269-0662 (4)
Florida
Aug 4

+1 386-269-0662 (3)
Florida
Aug 3

+1 386-269-0662 (2)
Florida
Aug 2

+1 386-269-0662
Florida
Aug 2

+1 386-269-0662
Florida
Aug 1

+1 386-269-0662 (2)
Florida
Aug 1

+1 386-269-0662
Florida
Jul 31

+1 386-269-0662 (2)

ca 01v          payable          CA          >

+13862690662 ✕

**A faster way to explore** ✕

Find places nearby without a browser or map, then call them right away.

**START**

RECENTS ─────────────── 29 FOUND ⌃

 +1 386-269-0662
📞 Florida                                    Aug 7

+1 386-269-0662 (3)
Florida                                       Aug 7

+1 386-269-0662 (2)
Florida                                       Aug 6

+1 386-269-0662 (2)
Florida                                       Aug 5

+1 386-269-0662 (4)
Florida                                       Aug 4

+1 386-269-0662 (3)
Florida                                       Aug 3

+1 386-269-0662 (2)
📞 Florida                                    Aug 2

ca 01v          payable          CA          >

< 386

☓

+1 386-269-0662
Florida                                    Aug 15

+1 386-269-0662 (2)
Florida                                    Aug 12

+1 386-269-0662
Florida                                    Aug 12

+1 386-269-0662 (4)
Florida                                    Aug 11

+1 386-269-0662 (3)
Florida                                    Aug 10

+1 386-269-0662
Florida                                    Aug 9

+1 386-269-0662
Florida                                    Aug 9

+1 386-269-0662
Florida                                    Aug 9

+1 386-269-0662 (3)
Florida                                    Aug 8

+1 386-269-0662
Florida                                    Aug 7

+1 386-269-0662 (3)
Florida                                    Aug 7

< 386                                    ×

CONTACTS ──────────────── 5 FOUND ⌄

RECENTS ──────────────── 31 FOUND ⌃

+1 386-269-0662
Florida                                  Aug 17

1 386-269-0662
Florida                                  Aug 16

+1 386-269-0662
Florida                                  Aug 16

+1 386-269-0662
Florida                                  Aug 15

+1 386-269-0662 (2)
Florida                                  Aug 12

+1 386-269-0662
Florida                                  Aug 12

+1 386-269-0662 (4)
Florida                                  Aug 11

+1 386-269-0662 (3)
Florida                                  Aug 10

+1 386-269-0662
Florida                                  Aug 9

in          degrees          called    >

## GENERAL AFFIDAVIT

STATE OF _Florida_

COUNTY OF _Miami-Dade_

PERSONALLY came and appeared before me, the within name _Mark Sobocienski_, who is a resident of Miami-Dade County, State of Florida, and makes this his statement and General Affidavit upon oath and affirmation of belief and personal knowledge that the following matters, facts and things set forth are true and correct to the best of his knowledge:

1. My name is Mark Sobocienski.
2. This affidavit is made in support of my lawsuit against Navient Corporation, Navient Solutions, LLC, and Student Assistance Corporation.
3. From 2005 – 2008, I incurred several student loans to complete law school. Those loans eventually became serviced by Navient Corporation and Student Assistance Corporation.
4. Whenever my student loans payments were due or overdue, Navient Corporation or Student Assistance Corporation would insistently contact me with an auto-dialer or automated dialing equipment. Sometimes my parents were contacted on their landlines as well, which was very upsetting to them!
5. I have repeatedly told Student Assistance Corporation and Navient Corporation to stop calling me with automated equipment. I know they were calling me with automated equipment because they admitted it in a telephone call on August 12, 2017.
6. I have repeatedly told Student Assistance Corporation, Navient, and Sallie Mae that I did not want to be called at my job or during my work hours.
7. I never received any actual notice of any Sallie Mae class action settlement, Arthur class action settlement, or had any knowledge whatsoever that I may have been considered a class member of a class action settlement.
8. To my knowledge, I have never received any monetary compensation or value as a result of any Sallie Mae class action settlement, or Arthur class action settlement.
9. Many, although not all of the automated phone calls and phone calls with prerecorded messages are attached as screenshots to my original complaint against Navient Corporation, Student Assistance Corporation, and Navient Solutions, LLC.

DATED this the 14th day of _August_, 20 18.

_____
Signature of Affiant

## NOTARY PUBLIC

SWORN to (or affirmed) and subscribed before me, this the 14th day of

_August_____, 20 _18_ in the County of _Miam-Dade_ and State of _Florida_.

(Circle) Personally Known   OR   Produced Identification

Type of Identification Produced (or Other Satisfactory Evidence)_____

(Signature)_____

(Name)_____

My Commission Expires: _11/19/19_

My Commission Number _FF938079_

GABRIEL CHAVEZ
MY COMMISSION # FF938079
EXPIRES November 19, 2019
(407) 398-0153   FloridaNotaryService.com

2 | Page

# EXHIBIT 3:

# Correspondence between Mark Sobocienski and Defendants

# MICHAEL VAN CLEVE, LAW
## MIAMI GARDENS OFFICE
### ROOM 242B
### 99 NW 183RD STREET
#### NORTH MIAMI BEACH, FLORIDA 33169

**ADMITTED:**
*State Of Florida

Michael Van Cleve, ESQ.
Tel: 334-233-8842
www.michaelvanclevelaw.com
michael@michaelvanclevelaw.com

**PREVIOUS PROFESSIONS:**
* Former Active Duty Judge Advocate General, U.S. Army
* Former Adjutant General, U.S. Army
* THE PROFESSSIONS LISTED ABOVE ARE MERELY TO STATE PREVIOUSLY HELD BRANCHES/JOBS BY MICHAEL VAN CLEVE, ESQ. NOTHING IN THE CONTENTS OF THIS LETTER REFLECT THE OPINION OR ENDORSEMENT OF THE UNITED STATES GOVERNMENT, UNITED STATES DEPARTMENT OF DEFENSE, THE UNITED STATES ARMY, THE UNITED STATES ARMY JUDGE ADVOCATE GENERAL CORPS, OR THE UNITED STATES ARMY ADJUTANT GENERAL CORPS.

Wednesday, December 20, 2017

   *RE:*   **Arthur Class Letter; Final Demand**

To Student Assistance Corporation:

   I am reaching out to you one final time, in good faith, to evaluate your defenses to Mark Sobocienski's telephone consumer protection act claim, fair debt collection practices act, and approach you about a final settlement to avoid the expenses of litigation.

   **Raised Defenses in Your November 7, 2017 Response Letter:**

   In your November 7, 2017 Response letter, you explained to us (the client and I) that you believe you had express consent to call Mark Sobocienski with auto-dialers or prerecorded messages for two reasons:

   (1) Mark Sobocienski gave his express consent for you to call in a deferment request on September 23, 2013, and

   (2) Mark Sobocienski is an Arthur class member in the class action lawsuit, <u>Mark A. Arthur, Cirilo Martinez, Pari Najafi, and Heather McCue v. Sallie Mae, Inc.</u>, United States District Court for the Western District of Washington, Case No. C10-00198 JLR ("Arthur") and therefore barred from raising a TCPA clam against Sallie Mae.

December 20, 2017
Arthur Class Letter, Final Demand
Page 2

        In order to fully evaluate your defenses, and avoid litigation, we request the following:

(1)    A copy of the deferment request (which you previously promised you would give to us in your November 7, 2017 Response letter);

(2)    The fully executed class action settlement agreement for Mark A. Arthur, Cirilo Martinez, Pari Najafi, and Heather McCue v. Sallie Mae, Inc., United States District Court for the Western District of Washington, Case No. C10-00198 JLR ("Arthur") (I couldn't find on-line an executed copy of the settlement agreement);

(3)    Any proof or records that shows that you called Mark Sobocienski during any period relevant to the Arthur class action settlement;

(4)    Any proof or records displaying that you called Mark Sobocienski with an automated dialing system, robocall, prerecorded message or auto-dialers between the period of October 27, 2005 to September 14, 2010;

(5)    A list of all Arthur class members under the Arthur class action settlement;

(6)    A list of all released parties under the Arthur class action settlement;

(7)    The date, time and nature of all notice(s) which Sallie Mae or you gave to the State of Florida to comply with CAFA Notice under 28 U.S.C. § 1715(b) per the Arthur class action settlement;

(8)    The date, time and nature of all notice(s) given to Mark Sobocienski to comply with the Arthur class action settlement;

(9)    Proof of delivery of all notice given to Mark Sobocienski to comply with the Arthur class action settlement;

(10)    A list of all phone calls made to Mark Sobocienki during the period in which you were auto-dialing and placing prerecorded messages;

(11)    A list of all phone calls made to Mark Sobocienki from January 1, 2011 to the present time;

(12)    All recorded phone calls between you and Mark Sobocienski that shows Mark Sobocienski complaining about receiving numerous unwanted cell phone calls from you;

December 20, 2017
Arthur Class Letter, Final Demand
Page 3

(13)  All recorded phone calls between you and Mark Sobocienski that shows Mark Sobocienski revoking consent for you to use telecommunication auto-dialing technology and prerecorded messages;

(14)  All recorded phone calls between you and Mark Sobocienski between the months of March 2017 through May 2017;

(15)  The promissory note(s) for the purported delinquent student loan(s) that you called Mark Sobocienski for during the period in which you were auto-dialing and placing prerecorded messages.

(16)  Any other evidence that you have showing or proving that Mark Sobocienski gave you express consent for auto-dialing and placing prerecorded messages;

Moreover, after I received your November 7, 2017 Response Letter, I have been in communication with Nicole M. Stolba, who appears to have authored your response letter, and sent it to me via email through one of your legal assistants, Dana Rhyne. I have had a few conversations with Nicole over the phone and we have respectfully disagreed about the interpretation and scope of TCPA case law.

In an effort to truly evaluate your defenses, I have asked her to produce some of the records and documentation listed above. So far I haven't received anything. Thus far, my interpretation of your Response Letter leads to one conclusion – your client continues to use auto-dialing technology and prerecorded messages, even after being sued and reaching the Arthur class action settlement for making millions of unwanted cell phone calls using technologies. I hope we can agree that your client's robo-calls complained about herein are willful and knowingly placed.

Without your timely response to our request for the above documentation/records, we cannot properly evaluate your defenses and do not believe you can meet the burden to show that you had express consent to contact Mark Sobocienski with an auto-dialer, robocalls, or automated dialing systems. Please confirm within the next ten (10) days if you truly are unwilling to send us the documentation above, which would allow the client and I to better understand whether this cause of action is with merit, as we believe. At which time, you may e-mail the information or we can coordinate the delivery and receipt for same information.

**FDCPA Request**

Mark Sobocienski has also disputed the debt and requested that you please produce documentation or other evidence showing you legally own any of his student loan debt, or are otherwise authorized to enforce the promissory note(s) associated with the debt. In addition to your standing to enforce the debt, Mark Sobocienski has also

December 20, 2017
Arthur Class Letter, Final Demand
Page 4

disputed the amount owed. Therefore, under the Fair Debt Collections Practices Act (FDCPA) 15 U.S. Code § 1692, please produce the following:

(1) Please send me all documents showing that you are the creditor or servicer for any loans purported to be owned or serviced by you. This includes contracts and promissory notes and any other documents which show you as the current owner or servicer of said loans;

(2) Please send the loan history for all loans purported to be owned or serviced by you.

(3) Please send the payment history for all loans purported to be owned or serviced by you;

(4) Please send me any and all documents or legal correspondence which shows these loans have not run past the statute of limitations or are otherwise still legally enforceable in court.

## Final Demand

It is my practice to evaluate TCPA and FDCPA claims prior to filing a lawsuit in an effort to avoid any defenses for lack of condition precedent and/or show that my client wanted to avoid the necessity of filing a lawsuit against you. As it stands, your current defenses are unsupported by applicable TCPA and FDCPA case law, evidence, records, and other documentation we currently have within our possession. We do not believe that you had express consent to call Mark Sobocienski with an automated dialing system, auto-dialer, prerecorded messages or otherwise robocall him; and, if so, Mark Sobocienski revoked consent.

As you well know, a dispute of genuine issue of material fact exists as to whether the Arthur class action settlement covers Mark Sobocienski. Accordingly, we make a final demand to you for the claims raised in our original demand letter, dated September 17, 2017. Please respond to this letter within ten (10) days expressing your intent to produce the above-requested information or settle all claims in order to reach a resolution for Mark Sobocienski's TCPA/ FDCPA claims raised against you, without court intervention.

If you fail to acknowledge this letter, we will consider if we should introduce this letter into evidence, after filing the TCPA/ FDCPA lawsuit. Please don't treat this letter as a threat or warning, we simply would like to resolve this matter without resorting to a lawsuit, which requires your cooperation and good-faith effort to evaluate the TCPA/ FDCPA claims and evidence in this matter.

December 20, 2017
Arthur Class Letter, Final Demand
Page 5

If you have any questions at all, please contact my office, preferably via email.

Very Respectfully,

By: _____
MICHAEL VAN CLEVE, ESQUIRE
Florida Bar No.: 89413

**MARK SOBOCIENSKI**
6913 RUE VENDOME #1
MIAMI BEACH, FL 33141
(305) 333-7587
MARKSOBO2001@GMAIL.COM

January _____, 2017

<u>**VIA EMAIL:**</u>

Nicole.Stolba@navient.com
Dana.Rhyne@navient.com

<u>**VIA CERTIFIED MAIL RETURN-RECEIPT REQUESTED**</u>

Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

Gretchen C. Johnson, Treasurer
2001 Edmund Halley Drive
Reston, VA 20191

La Fleur Browne, Secretary
300 Continental Drive
Newark, DE 19713

John Kane, Director
300 Continental Drive
Newark, DE 19713

Student Assistance Corporation
4501 N. Superior Drive
Muncie, IN 47303

RE: Mark Sobocienski, Telephone Consumer Protection Claim

To Student Assistance Corporation:

I am writing to you about my imminent Telephone Consumer Protection Act ("TCPA") Claim. Through my attorney, Michael Van Cleve, Esq., I have reached out to you in good faith many times in an attempt to resolve and or settle my claims with you.

This issue first began between you and I because you have insistently called me with autodialing equipment in an attempt to harass me about my student loans. You called me while I was at work on my cell phone and at my work phone and you have even called my parents on their home phones. I found these calls to be illegal, annoying, and distracting to myself and my family members and even my fellow employees. I asked you to stop calling me repeatedly and you continued to call me anyways. Therefore, I retained a lawyer, Michael Van Cleve, Esq., to

-2-

alert you that I would be filing a claim against you for a violation of the TCPA and any other claims I may also have against you.

My lawyer informed me that one of your in-house counsel, Nicole Stolba sent me a letter telling me that I gave you consent to call me during a deferment request and that I also gave consent to call you by being an Arthur class settlement member. When my lawyer asked you to provide proof or evidence of my alleged explicit consent, you failed to respond or produce any evidence that would lead me to believe you did indeed have consent to call me in violation of the TCPA. In fact, my lawyer asked you explicitly to provide proof that I am an Arthur Class member or any notice you gave to me to alert me of the Arthur class settlement, and you refused to respond. You also never provided me any voice records or written documentation showing me I gave you consent to call me in a deferment request.

Your phone calls were very annoying and provided a constant disruption of my day. I plan on filing a lawsuit against you. I patiently waited for you to provide me proof of your alleged defenses and you never produced anything, therefore, I believe my claims are made in good faith.

To ensure I am giving you adequate notice and a proper opportunity to validate your defenses, I am asking that you respond to my letter within 10 days. Otherwise, I will move forward with my claims.

If you do respond to my letters or this letter, please contact my attorney via email at michael@michaelvanclevelaw.com.

Sincerely,

MARK SOBOCIENSKI

MARK SOBOCIENSKI
6913 RUE VENDOME #1
MIAMI BEACH, FL 33141
(305) 333-7587
MARKSOBO2001@GMAIL.COM

January __2nd__ ,2018

**VIA EMAIL:**

Nicole.Stolba@navient.com
Dana.Rhyne@navient.com

**VIA CERTIFIED MAIL RETURN-RECEIPT REQUESTED**

Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

Gretchen C. Johnson, Treasurer
2001 Edmund Halley Drive
Reston, VA 20191

La Fleur Browne, Secretary
300 Continental Drive
Newark, DE 19713

John Kane, Director
300 Continental Drive
Newark, DE 19713

Student Assistance Corporation
4501 N. Superior Drive
Muncie, IN 47303

RE: Mark Sobocienski, Telephone Consumer Protection Claim

To Student Assistance Corporation:

I am writing to you about my imminent Telephone Consumer Protection Act ("TCPA") Claim. Through my attorney, Michael Van Cleve, Esq., I have reached out to you in good faith many times in an attempt to resolve and or settle my claims with you.

This issue first began between you and I because you have insistently called me with autodialing equipment in an attempt to harass me about my student loans. You called me while I was at work on my cell phone and at my work phone and you have even called my parents on their home phones. I found these calls to be illegal, annoying, and distracting to myself and my family members and even my fellow employees. I asked you to stop calling me repeatedly and you continued to call me anyways. Therefore, I retained a lawyer, Michael Van Cleve, Esq., to

-2-

alert you that I would be filing a claim against you for a violation of the TCPA and any other claims I may also have against you.

My lawyer informed me that one of your in-house counsel, Nicole Stolba sent me a letter telling me that I gave you consent to call me during a deferment request and that I also gave consent to call you by being an Arthur class settlement member. When my lawyer asked you to provide proof or evidence of my alleged explicit consent, you failed to respond or produce any evidence that would lead me to believe you did indeed have consent to call me in violation of the TCPA. In fact, my lawyer asked you explicitly to provide proof that I am an Arthur Class member or any notice you gave to me to alert me of the Arthur class settlement, and you refused to respond. You also never provided me any voice records or written documentation showing me I gave you consent to call me in a deferment request.

Your phone calls were very annoying and provided a constant disruption of my day. I plan on filing a lawsuit against you. I patiently waited for you to provide me proof of your alleged defenses and you never produced anything, therefore, I believe my claims are made in good faith.

To ensure I am giving you adequate notice and a proper opportunity to validate your defenses, I am asking that you respond to my letter within 10 days. Otherwise, I will move forward with my claims.

If you do respond to my letters or this letter, please contact my attorney via email at michael@michaelvanclevelaw.com.

Sincerely,

MARK SOBOCIENSKI



## Fwd: RE: Copeis of promissory notes for all the loans serviced on my behalf <<#2213791-4631615-5152906#>>

---------- Forwarded message ----------
From: "RS - Tiffany V" <repaymentsolutions@glhec.org>
Date: Feb 13, 2018 10:13 AM
Subject: RE: Copeis of promissory notes for all the loans serviced on my behalf <<#2213791-4631615-5152906#>>
To: <marksobo2001@gmail.com>
Cc:

Hi Mark,

Thank you for authenticating your account. After reviewing your account, I can confirm that your loan servicers Conduent (previously known as ACS) and Navient are reporting that your loans are current at this time. As your guarantor, we are unable to supply you with copies of Master Promissory Notes. Your servicers will have access to this documentation.

Since your account is up to date, please contact Conduent and Navient directly at 1-800-835-4611 and 1-888-272-5543 to address any questions that you may have. I do hope that this helps and thank you for contacting us.

You may reach a Loan Counselor in the Repayment Solutions department by calling 1-800-236-2700. We accept incoming calls during the following times:

Monday through Thursday: 8:00 AM to 6:00 PM Central Time
Friday: 8:00 AM to 4:30 PM Central Time

You may also visit us online at www.mygreatlakes.org.

Sincerely,

Tiffany

Repayment Solutions
Great Lakes Higher Education Corporation and Affiliates: GLHEGC, NELA & USAF
2401 International Lane
Madison, WI 53704-3121

This message transmission contains information from Great Lakes Higher Education Guaranty Corporation and Affiliates that may be confidential or privileged. The information is intended to be for the use of only the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is strictly prohibited. If you received this transmission in error, please notify the sender by reply e-mail at RepaymentSolutions@glhec.org immediately and delete this e-mail and any attachments from your system and any copies you may have made, electronic or otherwise.

--- Original Message ---
From: "Mark Sobocienskl" <marksobo2001@gmail.com>
Received: 1/26/18 6:58:13 PM CST
To: RepaymentSolutions@glhec.org
Subject: RE: Copeis of promissory notes for all the loans serviced on my behalf

Good Evening,

My full name is Mark Aaron Sobocienski. My birthday is ▮▮▮▮▮▮▮ The last 4 digits of my Social security number is ▮▮▮▮ Thank you for verifying my identity and let me know if anything further is needed. Please provide copies of the promissory notes for all of my loans being serviced by your company.

Thank you in advance for your cooperation.

Sincerely,

Mark Sobocienski

On Jan 25, 2018 3:41 PM, <RepaymentSolutions@glhec.org> wrote:
  Hi Mark,

  Thank you for contacting us. I'm sorry, but I'm unable to confirm we have the correct account with the email address used. To make sure we're addressing your concerns right away, please provide your full first and last name as they appear on your account and one of the following items: your account reference number, the last four digits of your Social Security Number, your date of birth. In addition, if this account is not in your name, we ask that you provide your name and relationship to the borrower. We look forward to talking with you soon.

  You may reach a Loan Counselor in the Repayment Solutions department by calling 1-800-236-2700. We accept incoming calls during the following times:

  Monday through Thursday: 8:00 AM to 6:00 PM Central Time
  Friday: 8:00 AM to 4:30 PM Central Time

  You may also visit us online at www.mygreatlakes.org.

  Sincerely,

  Samuel

  Repayment Solutions
  Great Lakes Higher Education Corporation and Affiliates: GLHEGC, NELA & USAF
  2401 International Lane
  Madison, WI 53704-3121

This message transmission contains information from Great Lakes Higher Education Guaranty Corporation and Affiliates that may be confidential or privileged. The information is intended to be for the use of only the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is strictly prohibited. If you received this transmission in error, please notify the sender by reply e-mail at RepaymentSolutions@glhec.org immediately and delete this e-mail and any attachments from your system and any copies you may have made, electronic or otherwise.

From: Mark Sobocienski [mailto:marksobo2001@gmail.com]
Sent: Wednesday, January 10, 2018 10:13 AM

Good Morning,

I am trying to obtain copies of the promissory notes on all my student loans.  Please forward a copy of any promissory notes for any of the loans that is being serviced by your company.  Thank you in advance.


Mark Sobocienski

6913 Rue Vendome #1

(305) 333-7587


------ Please do not remove your unique tracking number! ------
<<#2213791-4631615-5152906#>>

The information contained in this communication may be confidential, is intended only for the use of the recipient(s) named above, and may be protected under state or federal law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please forward the communication to notme@glhec.org immediately and destroy or delete the original message and any copy of it from your computer system. If you have any questions concerning this message, please contact the sender.

MARK SOBOCIENSKI
6913 Rue Vendome #1
Miami Beach, FL 33141
(305) 333-7587
mark3obo2001@gmail.com

February 20, 2018

<u>VIA EMAIL:</u>

sacindy@studentassistcorp.com
repaymentsolutions@glhec.org

<u>VIA CERTIFIED MAIL RETURN-RECEIPT REQUESTED</u>

Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808
Gretchen C. Johnson, Treasurer
2001 Edmund Halley Drive
Reston, VA 20191

La Fleur Browne, Secretary
300 Continental Drive
Newark, DE 19713

John Kane, Director
300 Continental Drive
Newark, DE 19713

Student Assistance Corporation
4501 N. Superior Drive
Muncie, IN 47303

RE: Mark Sobocienski, Notice of Dishonor

To Student Assistance Corporation:

I am writing to you about my student loans which are serviced by you.

I asked you first over the phone for a copy of my promissory notes. You ensured me that you would provide me my promissory notes by sending them to me by email. However, after several days had passed, I did not receive the promissory notes for my loans.

On January 10, 2018, I contacted you by email to your email address, sacindy@studentassistcorp.com, to ask for the promissory notes of my student loans. On January 25, 2018, I received a response from Samuel of Repayment Solutions asking for additional information to confirm my accounts. On January 26, 2018, I gave that information to Repayment

-2-

Solutions. On February 13, 2018, a Tiffany from Repayment Solutions told me Repayment Solutions would be unable to provide me my Master Promissory Notes.

I demanded my promissory notes, as my right of presentment under Florida Statute 673.5011(2)(b)(1). Since you have refused to produce the promissory notes, this is my Notice of Dishonor and refusal to make payment under Florida Statute 673.5011(2)(c)(2).

If I do not receive the promissory notes within 30 days, I will consider my loans discharged.

Sincerely,

MARK SOBOCIENSKI



## Notice of Dishonor- Mark Sobocienski

**Mark Sobocienski** <marksobo2001@gmail.com>                    Tue, Feb 20, 2018 at 12:47 PM
To: sacindy@studentassistcorp.com, RepaymentSolutions@glhec.org
Bcc: Michael@michaelvanclevelaw.com

Good Afternoon,

Please see attached.

Sincerely,

Mark Sobocienski
(305) 333-7587

Notice of Dishonor.pdf
56K

 **GMail** by Google

## Fwd: Notice of Dishonor- Mark Sobocienski <<#2213791-4692585-5217971#>>

---------- Forwarded message ----------
From: <RepaymentSolutions@glhec.org>
Date: Thu, Mar 1, 2018, 4:55 PM
Subject: RE: Notice of Dishonor- Mark Sobocienski <<#2213791-4692585-5217971#>>
To: <marksobo2001@gmail.com>

Hi Mark,

Thanks for following up with us about your account! Great Lakes Higher Education Guaranty Corporation (GLHEGC) is not the servicer of any of your loans. We act as the guarantor of a loan that you have serviced by Navient. We insure that loan against default. If your loan falls more than 60 days past due, we will reach out to help you with a plan in getting the loan current. Of course, because GLHEGC doesn't actually service the loan, there are functions that we are unable to help you with. We cannot provide you your Master Promissory Note. That is something your servicer Navient can provide. Please contact them for assistance with your request.

After reviewing your letter, it appears that you may not have sent your correspondence to a department that is able to assist you the best for your Navient serviced loan. To request the Master Promissory Note for that loan please call 888-272-5543. If this is who you called previously, and they were not able to assist you, please try to call them again. I would recommend asking for a supervisor immediately. If a supervisor is unable to help, please ask to be connected with Navient's Ombudsman. The Ombudsman is an impartial third party that can assist with your request as well.

If you'd prefer, Navient can be contacted through their website www.navient.com or by writing to the following address:

Navient Servicing
PO Box 9500
Wilkes-Barre, PA
18773-9500

As of February 19, 2018, Navient reported to GLHEGC that your loan with them was 62 days past due. Any of our representatives would be happy to assist you with developing a plan for your account that will bring it current and help prevent future credit reporting; however, we are unable to determine your best solution via email. Please call in and talk with a loan counselor to do so. We look forward to hearing from you.

Would you like to add the email address you are using to your account?

You may reach a Loan Counselor in the Repayment Solutions department by calling 1-800-236-2700. We accept incoming calls during the following times:

Monday through Thursday: 8:00 AM to 6:00 PM Central Time
Friday: 8:00 AM to 4:30 PM Central Time

You may also visit us online at www.mygreatlakes.org.

Sincerely,

Samuel

Repayment Solutions
Great Lakes Higher Education Corporation and Affiliates: GLHEGC, NELA & USAF
2401 International Lane
Madison, WI 53704-3121

This message transmission contains information from Great Lakes Higher Education Guaranty Corporation and Affiliates that may be confidential or privileged. The information is intended to be for the use of only the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is strictly prohibited. If you received this transmission in error, please notify the sender by reply e-mail at RepaymentSolutions@glhec.org immediately and delete this e-mail and any attachments from your system and any copies you may have made, electronic or otherwise.

--- Original Message ---
From: "Mark Sobocienski" <marksobo2001@gmail.com>
Received: 2/20/18 11:48:24 AM CST
To: sacindy@studentassistcorp.com, RepaymentSolutions@glhec.org
Subject: Notice of Dishonor- Mark Sobocienski

Good Afternoon,

Please see attached.

Sincerely,

Mark Sobocienski
(305) 333-7587
------ Please do not remove your unique tracking number! ------
<<#2213791-4692585-5217971#>>

The information contained in this communication may be confidential, is intended only for the use of the recipient(s) named above, and may be protected under state or federal law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please forward the communication to notme@glhec.org immediately and destroy or delete the original message and any copy of it from your computer system. If you have any questions concerning this message, please contact the sender.