UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 1:18-cv-23677-XXXX

MARK SOBOCIENSKI

    Plaintiff,

vs.

STUDENT ASSISTANCE CORPORATION,
NAVIENT SOLUTIONS, LLC, f/k/a NAVIENT
SOLUTIONS, INC;
and NAVIENT CORPORATION.


    Defendant.
_____/

### PLAINTIFF'S REVISED STATEMENT OF CLAIM AS TO HIS 15 U.S.C. § 1692 ("FDCPA") COUNT PURSUANT TO JUDGE MARCIA G. COOKE'S SEPTEMBER 11, 2018 ORDER, DIRECTED TO THE HONORABLE JONATHON GOODMAN

COMES NOW, MARK SOBOCIENSKI, Plaintiff ("Sobocienski"), to make a statement of claim on his FDCPA count(s) against Student Assistance Corporation ("SAC") and Navient Solutions, LLC ("NSL") or collectively ("Defendants"). Sobocienski alleges the following:

**Parties and Jurisdiction and Admitted Facts by Defendant**

1. As for jurisdiction, this court has the power to adjudicate Sobocienski's FDCPA claims under 15 U.S. Code § 1692k(d). Sobocienski alleges, and Defendants admit this court has personal jurisdiction over Defendants.

2. The relevant parties are Sobocienski, SAC, and NSL. Sobocienski voluntarily dismisses his FDCPA claims as to Navient Corporation, pursuant to Federal Rule of Civ. Proc. 41(a). Sobocienski adopts by reference, paragraphs 8-11 of his original complaint.

3. Defendants are debt collectors under 15 U.S.C. § 1692a(6), Sobocienski is a consumer, and the student loans Defendants attempted to collect payment on are debts.

  a. Defendants regularly service student loans for American consumers nationwide. Defendants regularly engage in the collection of student loan payments, including interest payments or principal payments, for a garden variety of student loans, federal and private.

  b. The student loans that Defendants generally collect money or payments on are for the benefit of another person other than the Defendants as Defendants do not typically own the student loans that they collect money and payments for.

  c. In Sobocienski's case, Defendants do not own his student loans. Defendants have not produced any promissory notes showing ownership of his student loans, chains of assignment displaying ownership of his student loans, or any other documents or evidence to show exclusive ownership of his student loan debt despite Sobocienski repeatedly asking them to do so prior to the initiation of this lawsuit.

  d. Even if Defendants did own Sobocienski's student loan debt, they certainly gained ownership of his student loans after he defaulted on payments of all the relevant student loans Defendants have attempted to collect payments on. All of Sobocienski's loans which the Defendants have attempted to collect on were not originated or created or established by Defendants.

  e. Sobocienski is a natural person and Defendants communicated to Sobocienski throughout the duration of their responsibility to service Sobocienski's loans, that he owed money as a debt and needed to pay it.

4. As early as July 2017, Defendants incessantly called Sobocienski about making payments on his student loan debt. Defendants called Sobocienski at his job and while he was working, during hours generally understood to be working hours, without his permission or consent. Defendants should have known that the phone calls made during his work hours were inconvenient, but they persisted on calling him anyway, without his consent. When Defendants called him, they did it using a system that can store thousands or millions of numbers and call them automatically and did

so without his consent. Defendants also called Sobocienski's parents with the same phone dialing systems and pestered them, while trying to collect on Sobocienski's student loan debt.

5. Prior to the initiation of this lawsuit, Sobocienski requested, by phone, letter, and email, that Defendants validate the student loans they were attempting to collect upon, as required under 15 U.S. Code § 1692g. Defendants refused to do so despite their representatives promising by phone that they would. Instead Sobocienski received obscure emails from student loans companies he neither knew nor was familiar with, such as Great Lakes Higher Education Corporation and Affiliates.

6. Therefore, Defendants have violated 15 U.S.C. § 1692c(1) and 15 U.S.C. § 1692b and 15 U.S.C. § 1692d(5) and 15 U.S.C. § 1692g(a) and 15 U.S.C. § 1692g(b).

7. Sobocienski adopts by reference his injuries and harm, as alleged in paragraph 25 of his original complaint. Sobocienski adopts by reference all copies of his call logs and voicemails as attached to his original complaint. Sobocienski adopts by reference his relief as alleged in paragraph 69 of his original complaint. Sobocienski demands a jury. This statement of claim is directed to the Honorable Jonathon Goodman, in his capacity as United States Magistrate Judge for the Southern District of Florida and pursuant to the Honorable Judge Marcia G. Cooke's September 11, 2018 Order.

Respectfully submitted,

/s/ Mark Sobocienski
MARK SOBOCIENSKI, Plaintiff
Florida Bar No.: 59530
Bruce Hornsteain, P.A.
Email: lawyer@hornsteinpa.com
Phone: (305) 397-8476

## CERTIFICATE OF SERVICE

### Case No.: 1:18-cv-23677-XXXX

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion to Appear *Pro Hac Vice*, Consent to Designation and Request to Electronically Receive Notices of Electronic

Filings was served by e-mail, on October 2, 2018 on all counsel or parties of record on the service list.

/s/ Mark Sobocienski
MARK SOBOCIENSKI, Plaintiff
Florida Bar No.: 59530
Bruce Hornsteain, P.A.
Email: lawyer@hornsteinpa.com
Phone: (305) 397-8476

## SERVICE LIST

**ATTORNEY FOR DEFENDANTS SAC, NSL, AND NAVIENT CORP.**
Hinshaw & Culbertson LLP; West A. Holden, Esq.; Florida Bar. No. 0113569
100 South Ashley Drive, Suite 500; Tampa, FL 33602
Telephone: (813) 276-1662
Facsimile: (813) 276-1956
Email: wholden@hinshawlaw.com; twest@hinshawlaw.com