UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 18-23677-CIV-COOKE/GOODMAN

MARK SOBOCIENSKI

  Plaintiff

vs.

STUDENT ASSISTANCE CORPORATION,
NAVIENT SOLUTIONS, LLC, f/k/a NAVIENT
SOLUTIONS, INC;
and NAVIENT CORPORATION.

  Defendant.
_____/

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S SEPTEMBER 28, 2018 MOTION TO DISMISS

**COMES NOW,** Mark Sobocienski ("Plaintiff"), by and through the undersigned, who opposes Navient Corporation's ("Navient") September 28, 2018 Motion to Dismiss Plaintiff's Original Complaint. Plaintiff therefore presents the following memorandum of law pursuant to Local Rule 7.1(c):

### INTRODUCTION

Navient argues that it cannot be touched by Florida's Long Arm Statute nor does it have minimum contacts with the state of Florida. But Navient has significant ownership and control over NSL and SAC, whom it uses as instrumentalities to do business in the state of Florida with students such as Plaintiff. The 5th Circuit, in In Re Chinese-Manufactured Drywall Products, 753 F. 3d 521, 530 (5th Cir. 2014), interpreting, Daimler Ag v. Bauman, 134 S. Ct. 746 (2014), found that a foreign corporation and defendant can be bound by the laws of agency for personal-

Plaintiff's Memorandum of Law in Opposition Defendant's September 28, 2018 Motion to Dismiss
Case No.: 1:18-cv-23677-MGC
Page **2** of **13**

specific jurisdiction. NSL and SAC who have both admitted personal jurisdiction, bind Navient as their principal for the purposes of personal jurisdiction in this state.

## RELEVANT FACTS

1. On September 28, 2018, Navient filed a motion requesting the court dismiss it as a Defendant from Plaintiff's complaint, primarily arguing that Florida there was no personal jurisdiction to haul them into court in the state of Florida.

2. Commensurate with its defense of personal jurisdiction, Navient attached an affidavit sworn to by Carl O. Cannon. Within the affidavit, Mr. Cannon swears that he is an employee of Navient Solutions, LLC ("NSL"), that he is employed as a Sr. Accountant Analyst, and that Navient has no contacts with the state of Florida. **Mr. Cannon admits that Navient owns NSL** but states that Navient is merely a "holding company" that "does not service any student loans, collect on any obligations, communicate with borrowers, or furnish information to consumer reporting agencies."

3. Plaintiff, having reviewed Mr. Cannon's affidavit and Navient's Motion to Dismiss, has sworn to the arguments and statements made within this motion below.[1]

    (a) **Jack Remondi** is listed as Navient's current president throughout various websites on the internet and Navient's internal documents, including:

    (1) Linked-In. Exhibit 1.

    (2) CEO Email. Exhibit 8.

    (3) Navient's website. Exhibit 10, 11.

    (4) Wikipedia. Exhibit 18.

---

[1] Plaintiff has sworn to the contents of this motion, below.

Plaintiff's Memorandum of Law in Opposition Defendant's September 28, 2018 Motion to Dismiss
Case No.: 1:18-cv-23677-MGC
Page **3** of **13**

(5) Reported as President by TheStudenLoanReport.Net. Exhibit 20.

(6) Navient's Board of Directors Committee Assignments. Exhibit 29.

(7) He is also **listed as a Manager for NSL on NSL's application to the Florida's Secretary of State** to conduct business in the state of Florida. Exhibit 35.

(8) He also made this admission in his capacity as CEO of Navient: "Highlights for the quarter include $903 million of refi loan originations, a 44% increase from the second quarter. Year to date, we have originated $2 billion in loans, significantly above our original target of $1.5 billion for all of 2018." Exhibit 38.

(b). **John Kane** is listed:

(1) as Group President for Navient on Salary.com. Exhibit 3.

(2) as a Director for Student Assistance Corporation ("SAC") with the Secretary of State for Nevada. His office is listed as 123 Justison Street, Wilmington, DE 19801. Exhibit 4.

(3) as Chief Operating Officer for Navient on LittleSis. Exhibit 5.

(4) as Group President for Navient on Equilar BoardEdge. Exhibit 6.

(5) as Group President for Navient on Bloomberg.com. Exhibit 7.

(6) as Group President on Navient's own website. Exhibit 10/12.

(7) as a Manager for Navient Solutions, LLC ("NSL") on Florida's Division of Corporations, Sunbiz. Exhibit 13.

(8) as a Manager and Member for NSL with West Virginia's Secretary of State. Exhibit 14.

(9) as a Manager for Student Assistance Corporation ("SAC") with the state of Indiana's Secretary of State. Exhibit 15.

Case 1:18-cv-23677-MGC Document 24 Entered on FLSD Docket 10/25/2018 Page 4 of 13

Plaintiff's Memorandum of Law in Opposition Defendant's September 28, 2018 Motion to Dismiss
Case No.: 1:18-cv-23677-MGC
Page **4** of **13**

(10) as a Director for SAC with the state of Nevada's Secretary of State. Exhibit 17.

(11) as Chief Operating Officer for Navient on Wikipedia. Exhibit 19.

(12) reported as Group President for Navient by GlobeNewswire, Inc. and CNBC.com. Exhibit 21-23.

(13) listed as a Manager for NSL on NSL's application to the Florida's Secretary of State to conduct business in the state of Florida. Exhibit 35, 36.

(c). **Navient**:

(1) is headquartered at 123 Justison Street, Wilmington, DE 19801. Exhibit 9, 24, 30.

(2) is **listed as an authorized member of NSL** on Florida's Division of Corporations. Exhibit 13.

(3) in its Bylaws, requires a potential director or officer to report any position where it worked or associated with a competitor, a competitor being defined as, "**any entity whose principal business is servicing student loans**." Exhibit 27.

(4) explicitly lists their resident agent as Corporation Service Company ("CSC") in their amended articles of incorporation. Exhibit 2, 28.

(5) registered in the state of Delaware. Exhibit 2.

(6) it **keeps a portfolio of federal and private student loans** as stated in its, Finance and Operations Committee of the Board of Directors Charter. Exhibit 31.

(7) in its Code of Business Conduct, Navient explicitly states that it is **a purchaser and servicer of education loans** and states the Code of Business Conduct applies to all its subsidiaries, including NSL. Exhibit 32.

(8) that it owns NSL, as stated in Carl O. Cannon's September 28, 2018 affidavit.

Plaintiff's Memorandum of Law in Opposition Defendant's September 28, 2018 Motion to Dismiss
Case No.: 1:18-cv-23677-MGC
Page **5** of **13**

(9) reported to the Security Exchange Commission in Navient's Third Quarter Report on its Form 8-K Filing from 2018, it **originated or created $903 million dollars in private education finance loans** and increased its, "collection receivables inventory" in federal education loans to $12 billion. Exhibit 37.

(10) In Navient's Third Quarter Report on its Form 8-K Filing from 2018, it states "In its Federal Education Loans segment, **Navient holds and acquires FFELP Loans and performs servicing and asset recovery services on its own loan portfolio**, federal education loans owned by the U.S. Department of Education and other institutions." Exhibit 37.

(11) In Navient's Third Quarter Report on its Form 8-K Filing from 2018, Navient states, "In its Consumer Lending segment, **Navient holds, originates and acquires consumer loans** and **performs servicing activities** on its own loan portfolio." Exhibit 37.

(d). **NSL is listed** as having its registered agent with CSC for the state of West Virginia. Exhibit 14.

(e). **SAC is listed** as having CSC as their registered agent in the state of Indiana and the state of Delaware. Exhibit 15, 16.

(f). **CSC is registered in Florida** and has been for over a decade. Exhibit 33, 34.

### LONG ARM JURISDICTION AND MINIMUM CONTACTS

In its motion to dismiss, Navient states that a defendant must be subject to Florida's long-arm statute and a defendant must also have minimum contacts with the state of Florida to satisfy due process concerns under the doctrine of personal jurisdiction. Plaintiff agrees[2] with the standard

---

[2] "Typically, the Court's initial inquiry into personal jurisdiction would address whether there is a basis for jurisdiction under the forum state's long-arm statute [then the court must determine] whether jurisdiction over a defendant comports with due process." In Re Tirex Intern, Inc., 395

Case 1:18-cv-23677-MGC Document 24 Entered on FLSD Docket 10/25/2018 Page 6 of 13

Plaintiff's Memorandum of Law in Opposition Defendant's September 28, 2018 Motion to Dismiss
Case No.: 1:18-cv-23677-MGC
Page **6** of **13**

cited by Defendant; however, Defendant has failed to acknowledge that a foreign corporation which is a parent corporation or principal can be bound by its agent or subsidiary corporation both under Florida's long arm statute and federal due process.

### Florida's Long Arm Statute and Agency

Defendant overlooks Fla. Stat. 48.193(1)(a)(1), which states, "A person, whether or not a citizen or resident of this state, who personally **or through an agent** does any of the acts enumerated in this subsection thereby submits himself . . . to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts: **Operating, conducting, engaging in, or carrying on a business or business venture** in this state or having an office or agency in this state."

Plaintiff shall discuss the agency relationship between SAC, NSL, and CSC further below. Presuming that SAC, NSL, and CSC are agents of Navient, Plaintiff finds that each company, NSL/SAC/CPC meet the requirements of Fla. Stat. 48.193(1)(a)(1). SAC and NSL service student loans and attempt to collect payments for those loans from students like Plaintiff in this state. SAC and NSL together made over one-hundred phone calls to Plaintiff's phone calls while he was residing in the state of Florida, and did so as a part of their business in servicing and collecting student loan payments. CSC also engages in business in the state of Florida – they've been filing annual reports with the Florida Secretary of State since 1995. NSL has been registered to do business in the state of Florida as of 2017 and solicits business in the state of

---

BR 182, 188 (Bankr. S.D. Fla 2008). "The basic inquiry is whether the defendant has established sufficient minimum contacts or some presence in the forum so that maintenance of the suit does not offend traditional notions of fair play and substantial justice." Id.

Case 1:18-cv-23677-MGC   Document 24   Entered on FLSD Docket 10/25/2018   Page 7 of 13

Plaintiff's Memorandum of Law in Opposition Defendant's September 28, 2018 Motion to Dismiss
Case No.: 1:18-cv-23677-MGC
Page **7** of **13**

Florida. In fact, **NSL admitted that it is registered to do business in the state of Florida and NSL and SAC admitted that Florida courts have personal jurisdiction over them in their answer to Plaintiff's complaint**.[3]

## Agency Relationship Between NSL, SAC, and CPC

Navient has both actual and apparent agency over NSL and SAC. NSL and Navient are so intertwined that NSL may only be a shell of Navient.

In his September 28, 2018 affidavit, Mr. Cannon states that Navient is merely a "holding company." Holding companies typically do not create their own products or services but generally hold stock or shares for other companies.[4] While Navient may hold stock in its subsidiaries and other companies, they are far more than a holding company. Mr. Cannon's stated is rebutted by Navient's own admissions.

---

[3] See Paragraphs 5 and 6 of SAC and NSL's September 28, 2018 Answer.

[4] "A **holding company** is a company that owns other companies' outstanding stock. A holding company usually **does not** produce goods or services itself; rather, its purpose is to own shares of other companies to form a corporate group." https://en.wikipedia.org/wiki/Holding_company

"A holding company is a parent corporation, limited liability company, or limited partnership that owns enough voting stock in another company to control its policies and management. The company does not have any operations or active business itself; instead, it owns assets in one or more companies." https://www.investopedia.com/terms/h/holdingcompany.asp

"**Holding company**, a corporation that owns enough voting stock in one or more other companies to exercise control over them. A corporation that exists solely for this purpose is called a pure holding company, while one that also engages in a business of its own is called a holding-operating company." https://www.britannica.com/topic/holding-company

"A holding company is defined as an LLC, parent corporation or limited partnership that has enough voting share in a separate company to manage its operations. Holding company are in place for the sole aim of operating a separate company." https://www.upcounsel.com/what-is-a-holding-company

Case 1:18-cv-23677-MGC   Document 24   Entered on FLSD Docket 10/25/2018   Page 8 of 13

Plaintiff's Memorandum of Law in Opposition Defendant's September 28, 2018 Motion to Dismiss
Case No.: 1:18-cv-23677-MGC
Page **8** of **13**

First and foremost, Navient has already represented to the Security Exchange Commission that it, not just NSL, but Navient originates, services, and engages in "asset recovery" (in other words, **debt collection**) for education loans, both federal and private.[5] Just in the third quarter of 2018, **they admittedly originated $903 million dollars** in private consumer loans.

Second, their own bylaws require their officers to identify if they've worked with a competitor – a competitor being a company who primarily services student loans.[6] If Navient's bylaws find a competitor to be a student loan servicer, then it must see itself as a student loan servicer.

Third, Navient's code of conduct explicitly states it is a servicer of student loans[7] and there is no distinction made between Navient and NSL or other subsidiaries on how it defines itself. In conclusion, there is a wealth of evidence – admitted facts by Navient, that the court can rely on to conclude that Navient corporation, holding company or not, is a servicer of private and federal student loans.

As for agency, executive officers for Navient, such as Jack Remondi and John Kane, are managers for NSL. Navient is not an unassuming parent corporation that cannot follow the details and footsteps of its subsidiaries. It has its highest levels of leadership making decisions in their subsidiary companies. As stated above, NSL reports Jack Remondi and John Kane as managers for NSL, in NSL's 2017 application to do business in Florida. And John Kane is

---

[5] Exhibit 37.

[6] Exhibit 27.

[7] Exhibit 32.

Case 1:18-cv-23677-MGC   Document 24   Entered on FLSD Docket 10/25/2018   Page 9 of 13

Plaintiff's Memorandum of Law in Opposition Defendant's September 28, 2018 Motion to Dismiss
Case No.: 1:18-cv-23677-MGC
Page **9** of **13**

reported to be a manager for NSL and SAC in several other states, such as West Virginia, Nevada, and Indiana. This is apparent agency – Navient, by and through its leadership, is giving the public the idea that they have significant authority and control over their subsidiaries. Notwithstanding, by Navient placing Jack Remondi and John Kane as managers of NSL, they must have some actual authority over NSL/SAC. **Navient itself is listed as an authorized member for NSL** in NSL's annual report. And there is another dynamic to this analysis: CPC has been a registered agent of Navient since its inception.[8] CPC has been conducting business in the state of Florida for years.[9] How can the court not conclude that Navient is not controlling NSL and SAC?

This is the standard:

**As for Long-Arm Jurisdiction** - "Florida's long-arm statute recognizes that an agent's contacts with Florida can be imputed to its principal for jurisdictional purposes."[10]

**As for General Jurisdiction for Federal Due Process** – "In *Daimler AG v. Bauman*, the Supreme Court was presented with the question of whether a principal can be subject to general jurisdiction based on its agent's contacts with the forum state . . . Daimler argues, and several Courts of Appeals have held, that a subsidiary's jurisdictional contacts can be imputed to its parent only when the former is so dominated by the latter as to be its alter ego."[11]

---

[8] Exhibit 28.

[9] Exhibit 33, 34.

[10] In Re Chinese-Manufactured Drywall Products, 753 F. 3d 521, 530 (5th Cir. 2014).

[11] Id. at 531.

Plaintiff's Memorandum of Law in Opposition Defendant's September 28, 2018 Motion to Dismiss
Case No.: 1:18-cv-23677-MGC
Page **10** of **13**

**As for Specific Jurisdiction for Federal Due Process** – "Agency relationships, we have recognized, may be relevant to the existence of specific jurisdiction . . . As such, a corporation can purposefully avail itself of a forum by directing its agents or distributors to take action there . . . *Daimler* therefore embraces the significance of a principal-agent relationship to the specific-jurisdiction analysis."[12]

This court need not determine whether NSL or SAC are mere alter-egos of Navient for general-personal jurisdiction. The court need only decide whether it has specific-personal jurisdiction by determining whether there is an agency relationship strong enough for Navient to expect it could be brought into a Florida court for the actions of one its subsidiaries. In Florida, an agency relationship is determined by a trier of fact[13], so the court need only decide if Plaintiff met its prima facie burden for the question of agency to be established at trial. Plaintiff originally pled that Navient was the principal for SAC and NSL. Navient attempted to shift the burden by filing an affidavit from one of its subsidiary employees, NSL,[14] and Plaintiff has rebutted their presumption by the sworn contents of this motion and the exhibits attached,[15] based upon a careful review of pertinent admissions made by none-other-than Navient itself.

---

[12] Id.

[13] "Under Florida case law, a question of agency is reserved to the trier of fact when resolution of the issue depends on the inferences to be drawn from the facts adduced." Pesaplastic, CA v. Cincinnati Milacron Co., 750 F. 2d 1516, 1522 (11th Cir. 1985).

[14] It is strange that Navient, itself, **did not** get a Navient employee to explain why it does not have minimum contacts with Florida. Instead **Navient directed** one of **NSL's employees** to do it. **Navient controls NSL**.

[15] "[W]hen the defendant's affidavit denied that he personally did business in Florida but **did not deny that he operated a business in Florida through an alter ego**, the affidavit **did not** fully contest the jurisdictional allegations and the motion to dismiss was properly denied." Hilltopper Holding v. Estate of Cutchin, 955 So. 2d 598, 601-602 (Fla. 2d DCA 2007).

## CONCLUSION

In conclusion, this court has a wealth of evidence to find that Navient should have expected to be hauled into a Florida court.[16] Navient **directed an NSL employee** to file an affidavit stating they have no contacts in Florida, but **the affidavit never denied that NSL or SAC are alter-egos of Navient** nor does the affidavit deny that Navient has control over NSL or SAC. And how could it? It's highest level management, **Jack Remondi and John Kane serve as managers for NSL and SAC.** Despite what Mr. Cannon says, Navient has represented to our highest government agencies that **Navient services student loans, originates student loans, and if necessary, engages an "asset recovery" to collect on those student loans. NSL and SAC are conduits for Navient** to achieve this purpose. And since this court has personal jurisdiction over NSL and SAC, Navient **should not** be surprised to explain itself to a Florida court, either.

**DECLARATION:** I, Mark Sobocienski, declare that I have read this motion and I swear that the statements made within this motion above are based upon information available to me and my own belief and also based on the documents filed in conjunction with this motion through the CM/ECF system, which I believe to be true.

Dated: 10/25/2018

Mark Sobocienski

STATE OF FLORIDA
COUNTY OF Dade

Sworn to or affirmed and signed before me on 10/25/18 by Mark Sobocienski.

---

[16] "In order to determine whether a defendant has established sufficient minimum contacts with the forum for due process purposes, all of the facts must be considered in the aggregate. There is no mechanical or 'talismanic jurisdictional formulas' at the Court's disposal." In Re Mak Petroleum, Inc., 424 BR 907, 911 (Bankr. M.D. Fla. 2010).

**GABRIEL CHAVEZ**
MY COMMISSION # FF938079
EXPIRES November 19, 2019
(407) 398-0153   FloridaNotaryService.com

NOTARY PUBLIC or DEPUTY CLERK

Gabriel Chavez

*[Print, type, or stamp commissioned name of notary or clerk.]*

✓ Personally known
___ Produced identification
___ Type of identification produced _____.

Respectfully submitted,

By_____
MICHAEL VAN CLEVE, ESQ.
FLORIDA BAR NO.: 89413

Email: michael@michaelvanclevelaw.com
Michael Van Cleve, Law
99 NW 183rd Street, Room 242B
North Miami Beach, FL 33169
Telephone: (334) 233-8842
**Attorney for Mark Sobocienski, Plaintiff**

### 7.1(A)(3) CERTIFICATE OF CONFERRAL

Undersigned counsel certifies that he conferred with Counsel for Defendant in a good faith effort to resolve the issue of personal jurisdiction. The undersigned has discussed the issue with counsel telephonically and the parties have a genuine dispute on whether this court has

personal jurisdiction over Navient Corporation. Therefore, the parties cannot resolve the issues on their own.

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing was served by email through the CM/ECF system on counsel on the Service List below on October 25, 2018.



By_____
MICHAEL VAN CLEVE, ESQ.
FLORIDA BAR NO.: 89413

## SERVICE LIST

**ATTORNEY FOR DEFENDANTS SAC, NSL, AND NAVIENT CORP.**
Hinshaw & Culbertson LLP
West A. Holden, Esq.
Florida Bar. No. 0113569
100 South Ashley Drive
Suite 500
Tampa, FL 33602
Telephone: (813) 276-1662
Facsimile: (813) 276-1956
Email: wholden@hinshawlaw.com
Secondary Email: twest@hinshawlaw.com