UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MARK SOBOCIENSKI,

       Plaintiff,

                                     Case No.:  1:18-cv-23677-MGC

vs.

STUDENT ASSISTANCE CORPORATION,
NAVIENT SOLUTIONS, LLC, f/k/a NAVIENT
SOLUTIONS, INC; and Navient Corporation,

       Defendant

                                       /

## DEFENDANT NAVIENT CORPORATION'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

Defendant Navient Corporation ("Navient Corp.") files this reply in support of its Motion to Dismiss Plaintiff's Complaint [DE 14], and in support thereof states as follows:

## INTRODUCTION

Plaintiff filed this action alleging violations of the Telephone Consumer Protection Act ("TCPA"), the Fair Debt Collection Practices Act ("FDCPA"), and the Florida Consumer Collection Practices Act ("FCCPA") against Navient Corp. Plaintiff subsequently dropped his FDCPA claims against Navient Corp. Navient Corp. filed a Motion to Dismiss for lack of personal jurisdiction, supported by evidence in the form of an affidavit. Plaintiff filed a Response in opposition to the Motion to Dismiss that included numerous references to unsubstantiated[1] webpages, such as Wikipedia, LinkedIn, and Salary.com, attempting to show alleged or perceived connections between NSL and Navient Corp. Plaintiff has also completely changed the

---

[1] Plaintiff attempts to verify the motion by stating that the information included in the motion is based on his belief, but notably absent from the verification is any reference to personal knowledge. Plaintiff's beliefs are insufficient to substantiate the documents from various third-party websites.

legal basis for the supposed personal jurisdiction over Navient Corp., eschewing the direct allegations of the Complaint in favor of a new agency theory.

The Complaint alleges that Navient Corp. directly engaged in business in the State of Florida (which it does not, since it does not engage in the business of servicing student loans, make telephone calls, or employ call center agents). Perhaps realizing that Navient Corp. does *not* engage in business in Florida, the only basis for specific personal jurisdiction in Plaintiff's Opposition is the actions of NSL and SAC, purportedly Navient Corp.'s agents. However, Plaintiff's Response fails to meet the high burden necessary to subject Navient Corp. to personal jurisdiction, even under the newly-articulated agency theory. Accordingly, Navient Corp.'s Motion to Dismiss should be granted, and the Complaint should be dismissed with prejudice as to Navient Corp.

## MEMORANDUM OF LAW

### I. Legal Standard

#### A. Florida Long Arm Statute

Florida's long-arm statute allows for the exercise of personal jurisdiction over a person based on the acts of an agent. *See* Fla. Stat. 48.193(1)(a)(1). Under Florida law it is "well settled" that a parent corporation and a wholly-owned subsidiary are "separate and distinct legal entities." *Reynolds Am., Inc. v. Gero*, 56 So. 3d 117, 120 (Fla. 3d DCA 2011). "It is therefore no surprise that it is also well settled in Florida that the mere presence of a subsidiary in Florida, without more, does not subject a non-Florida corporate parent to long-arm jurisdiction." *Reynolds Am., Inc. v. Gero*, 56 So. 3d 117, 120 (Fla. 3d DCA 2011) (internal citations omitted); *see also Solis v. CBV Collection Servs. LTD*, 2016 U.S. Dist. LEXIS 143749, at *18 (S.D. Fla. Oct. 13, 2016) ("the mere presence of a subsidiary is not enough to subject a non-resident parent to the state's long-arm jurisdiction"); *State v. Am. Tobacco Co.*, 707 So. 2d 851, 854 (Fla. 4th DCA

1998)("The law is clear that the mere presence of a wholly owned subsidiary is insufficient to form a basis for the assertion of personal jurisdiction").

Therefore, because mere ownership of a subsidiary is insufficient to subject a parent company to personal jurisdiction, a plaintiff attempting to bring a parent corporation into a Florida court through the acts of a subsidiary must instead prove the existence of an agency relationship. *See Meterlogic, Inc. v. Copier Sols., Inc.*, 126 F. Supp. 2d 1346, 1355 (S.D. Fla. 2000). The test for the existence on an agency relationship is:

> (1) acknowledgment by the principal that the agent will act for it;
> (2) the agent's acceptance of the undertaking; and (3) control by
> the principal over the actions of the agent.

*Meterlogic, Inc. v. Copier Sols., Inc.*, 126 F. Supp. 2d 1346, 1354 (S.D. Fla. 2000); *see also Reynolds Am., Inc. v. Gero*, 56 So. 3d at 119; *State v. Am. Tobacco Co.*, 707 So. 2d at 854; *Solis v. CBV Collection Servs. LTD*, 2016 U.S. Dist. LEXIS 143749, at *18.

In order to support a finding of agency, a "very significant" level of control must be proven. *State v. Am. Tobacco Co.*, 707 So. 2d at 854. The control must be operational, meaning that the parent exercises "day-to-day control of the internal affairs or basic operations of the subsidiary." *Hard Candy, LLC v. Hard Candy Fitness, LLC*, 106 F. Supp. 3d 1231, 1241 (S.D. Fla. 2015) (quoting *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 2012 U.S. Dist. LEXIS 164171, at *3 (M.D. Fla. Nov. 16, 2012)); *see also J.P. Morgan Tr. Co., Nat'l Ass'n v. Potash Corp. of Sask., Inc. (In re Farmland Indus.)*, 2007 U.S. Dist. LEXIS 23872, at *24 (M.D. Fla. Mar. 30, 2007) ("What is required for jurisdiction based on agency is not some control but "operational control" by the parent over the subsidiary"); *Dev. Corp. of Palm Beach v. WBC Construction, L.L.C.*, 925 So. 2d 1156, 1161-62 (Fla. 4th DCA 2006) ("[t]he amount of control exercised by the parent must be high and very significant"). Indeed, the parent corporation must go so far that the subsidiary "manifests no separate corporate interests of its own and functions solely to

achieve the purposes of the dominant corporation." *Id* (quoting *Vantage View v. Bali E. Dev. Corp.*, 421 So. 2d 728, 733 (Fla. 4th DCA 1982)).

In order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must provide sufficient evidence to withstand a motion for directed verdict.[2] *UnitedHealthcare of Fla., Inc. v. Am. Renal Assocs. Holdings*, 2017 U.S. Dist. LEXIS 69817, at *11 (S.D. Fla. May 8, 2017). The Court must accept the allegations of the Complaint as true only to the extent the allegations are not contradicted by the evidence provided the Motion to Dismiss. *Id*.

## B. <u>Due Process Clause</u>

Even if a court finds personal jurisdiction under Florida's long arm statute, the exercise of personal jurisdiction must also satisfy federal due process. *Prunty v. Arnold & Itkin LLP*, 2018 U.S. App. LEXIS 28671, at *6 (11th Cir. Oct. 11, 2018). "The Constitution prohibits the exercise of personal jurisdiction over a nonresident defendant unless his contact with the state is such that he has "fair warning" that he may be subject to suit there, "such as purposefully directing activities at the residents of the forum, and injuries arising out of such activities." *Licciardello v. Lovelady*, 544 F.3d 1280, 1284 (11th Cir. 2008). "Generally, a foreign defendant is not subject to the jurisdiction of the forum state based on the in-state conduct of a subsidiary." *Aronson v. Celebrity Cruises, Inc.*, 30 F. Supp. 3d 1379, 1387 (S.D. Fla. 2014). Instead, jurisdiction can be established through a subsidiary only when the "subsidiary is merely an agent through which the parent company conducts business in a particular jurisdiction or its separate corporate status is

---

[2] Plaintiff's arguments that personal jurisdiction is an issue for a jury is misplaced. Federal Courts are required to address personal jurisdiction questions at the outset of a case. *See e.g. Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990) (noting that court was required to address personal jurisdiction prior to addressing even other arguments in the motion to dismiss); *Wertheim Jewish Educ. Tr., LLC v. Deutsche Bank AG*, No. 17-cv-60120-KMM, 2017 U.S. Dist. LEXIS 201731, at *16 (S.D. Fla. Dec. 6, 2017) ("Personal jurisdiction is 'an essential element of the jurisdiction of a district . . . court,' without which the court is 'powerless to proceed to an adjudication) (internal citations omitted).

formal only and without any semblance of individual identity." *Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1272 (11th Cir. 2002).

### C. Evidence of Operational Control

In examining whether plaintiffs have met the high burden of establishing the operational control required to prove agency based on jurisdiction, courts have rejected a variety of categories of evidence as insufficient. Specifically, overlap of board or directors or officers does not create an agency relationship. *See UnitedHealthcare of Fla., Inc. v. Am. Renal Assocs. Holdings,* 2017 U.S. Dist. LEXIS 69817, at *19 (S.D. Fla. May 8, 2017). "One of the basic tenets of corporate law is that shared directors and officers of parents and subsidiaries may hold the same position in both and ' change hats' to represent the two corporations separately." *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 2012 U.S. Dist. LEXIS 164171, at *17, (holding that sharing of directors and officers generally does not constitute degree of control necessary to create agency relationship).

Furthermore, "courts do not consider statements in websites, annual reports, and press releases, reliable evidence that the parent exercises 'operational control' necessary to confer personal jurisdiction." *Heidbrink v. ThinkDirect Mktg. Grp.*, 2014 U.S. Dist. LEXIS 98705, at *9 (M.D. Fla. July 21, 2014) (citing *Cross Country Home Servs., Inc. v. Home Serv. USA Corp.*, 2010 U.S. Dist. LEXIS 4709 at *4 (S.D. Fla. Jan. 6, 2010)). "[N]umerous courts have held that statements on a company web site and SEC forms 'were not meant to state the legal relationship between the parties but to state in terms investors might understand the complicated arrangements between the parent, subsidiaries, and sub-subsidiaries.'" *UnitedHealthcare of Fla., Inc. v. Am. Renal Assocs. Holdings*, 2017 U.S. Dist. LEXIS 69817, at *15. Similarly, "sharing of a website, address or telephone number and the use of the same generic trademarks" does not

meet the necessary standard to show operational control. *Id*. (citing *Lee-Bolton v. Koppers Inc.*, 2013 U.S. Dist. LEXIS 201103 at *6 (N.D. Fla. Sept. 9, 2013)).

## II.   Discussion

### A.   Plaintiff Failed To Allege An Agency Relationship in the Complaint

As a preliminary matter, Plaintiff's Complaint alleged that Navient Corp. was subject to personal jurisdiction in the state of Florida because it "purposefully and intentionally engaged in substantial business activity in the State of Florida" *See* Complaint ¶ 5. This theory of personal jurisdiction was thoroughly rebutted by Navient Corp.'s Motion to Dismiss. For this reason alone, Plaintiff's Complaint is defective as to Navient Corp. and warrants dismissal.

Still, instead of providing evidence in support of this theory of personal jurisdiction, Plaintiff has changed course and concocted a completely new theory of personal jurisdiction, arguing that Navient Corp. is subject to personal jurisdiction by virtue of the actions of NSL and SAC.  Plaintiff's new arguments are completely absent from the Complaint. *See generally,* Compl.  Plaintiff seemingly has abandoned his prior theory of personal jurisdiction in favor of a new agency theory. Notwithstanding the procedural impropriety of Plaintiff's attempts to retroactively amend the Complaint in his response to the Motion to Dismiss again,[3] Plaintiff has not provided evidence sufficient to establish personal jurisdiction under either the theory espoused in the Complaint or the new theory found in Plaintiff's response.

### B.   Plaintiff Has Not Provided Any Evidence of an Agency Relationship

In response to the evidence provided by Navient Corp., Plaintiff filed 38 exhibits purporting to show an agency relationship between Navient Corp. and NSL or SAC. Plaintiff's

---

[3] Plaintiff also filed an "Amended Complaint" in response to this Court's Order Referring the Case. This Amended Complaint included no claims against Navient Corp., and so does not provide any alternative support for jurisdiction.

6

302770232v1 1012821

approach appears to favor quantity over quality; despite the sheer volume of the exhibits, none of them show an agency relationship. Instead, Plaintiff's exhibits are of the type that have been routinely rejected by Courts in the Eleventh Circuit as insufficient to show exactly what Plaintiff seeks to prove here. Indeed, nothing in Plaintiff's response even attempts to establish operational control, or to demonstrate each of the three elements of an agency relationship. Nor has Plaintiff provided sufficient evidence to show a complete lack of independence of NSL and SAC, as is necessary to satisfy Due Process considerations. Plaintiff instead cites to a smattering of websites and corporate filings that show a mere connection between NSL and Navient Corp. These exhibits all fall within three main categories of evidence, each have which been routinely rejected by Courts in this circuit: (1) evidence of overlap in officers and directors, (2) statements in websites or corporate filings, and (3) evidence of shared addresses or other physical instrumentalities. *See e.g. UnitedHealthcare of Fla., Inc. v. Am. Renal Assocs. Holdings*, 2017 U.S. Dist. LEXIS 69817, at *15; H*eidbrink v. ThinkDirect Mktg. Grp.*, 2014 U.S. Dist. LEXIS 98705, at *9.

**First**, Plaintiff devotes a substantial portion of his response arguing that two executives, Mr. Jack Remondi and Mr. John Kane, have ties to both NSL and Navient Corp. In fact, 21 out of his 38 exhibits have been cited solely for this irrelevant proposition.[4] As set forth above, the law is clear that a mere overlap of officers and directors does not show operational control. Instead, Plaintiff seeks to have this Court ignore one of the "basic tenants" of corporate law, that the sharing of officers and directors does not destroy the corporate formalities between a parent and a subsidiary. *See Yellow Pages Photos, Inc. v. Ziplocal, LP*, 2012 U.S. Dist. LEXIS 164171, at *17. Furthermore, the vast majority of the "evidence" provided by Plaintiff must be rejected by

---

[4] Plaintiff's non-linear usage of exhibits makes a precise count difficult, but the exhibits Plaintiff cites for this point include exhibits 1, 3, 4, 5, 6, 7, 8, 10, 11, 12, 13, 14, 15, 17, 18, 19, 20, 26, 29, 35, 36, 38,

this Court as unreliable. *See e.g. Stein v. Ala. Sec'y of State*, 774 F.3d 689, 698 n.10 (11th Cir. 2014) (noting that reference to Wikipedia was not evidence and that "Wikipedia is not a source that warrants judicial notice"); *R&R Int'l, Inc. v. Manzen, LLC*, 2010 U.S. Dist. LEXIS 94550, at *42 (S.D. Fla. Sep. 10, 2010) (holding that proposed expert could not satisfy *Daubert* standard, in part because his research methods included unreliable research of Wikipedia). Plaintiff's exhibits drawn from similar internet-based sources, such as LinkedIn, Salary.com, and various news articles suffer from the same defect.

Further, Plaintiff's attempt to bolster his misplaced exhibits is misplaced. Plaintiff must provide actual evidence in support of his arguments relating to personal jurisdiction. Rule 56(c)(4) requires an affidavit or declaration to "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Plaintiff's declaration in support of the motion swears only to his "belief" that the documents filed are correct. *See* DE 24 p. 11. The declaration does not make any reference to personal knowledge. *Id*. Furthermore, the declaration does not show how Plaintiff is competent to testify as to truth or accuracy of the wide variety of exhibits that are attached to the motion. Therefore, the Court should reject all of the exhibits that are not properly admissible evidence.

**Second**, Plaintiff has proffered statements from Navient Corp.'s corporate filings in an effort to prove operational control. This category of exhibits constitutes another large portion of Plaintiff's proffered evidence.[5] But the exhibits attributable to Navient Corp. were never intended to detail internal corporate workings and to distinguish between various related corporate entities. For this precise reason, this Court should follow those courts that have recognized the absurdity of attempting to parse operational control from websites and corporate filings, and

---

[5] The category of documents considered by courts to not be evidence of operational control includes Ex. nos. 9, 19, 20, 21, 22, 23, 24, 25, 27, 28, 30, 31, 32, and 37 of Plaintiff's Response.

reject the use of such documents as evidence. *See UnitedHealthcare of Fla., Inc. v. Am. Renal Assocs. Holdings*, 2017 U.S. Dist. LEXIS 69817, at *15; *Heidbrink v. ThinkDirect Mktg. Grp.*, 2014 U.S. Dist. LEXIS 98705, at *9.

**Third**, and finally, the remaining exhibits are wholly irrelevant to operational control, and seemingly rely on an impractical theory that retaining the same company for registered agent services somehow evidences operational control. Plaintiff includes a screenshot from the Delaware Secretary of State's website showing that Navient Corp. is registered in the state of Delaware-not Florida. S*ee* Ex. 2 of Plaintiff's Response. Plaintiff also filed what appears to be a screenshot of SAC's corporate registration status in Delaware, identifying SAC's registered agent. *See* Ex. 19 of Plaintiff's Response.[6] Finally, to tie this all together, Plaintiff filed documents purporting to show that Corporation Service Company ("CSC") is registered to do business in the State of Florida. *See* Ex. nos. 33, 34 of Plaintiff's Response.

It is unclear whether Plaintiff is arguing that: (i) the use of a common registered agent supports a finding of agency between NSL, SAC, and Navient Corp.; or (ii) whether Plaintiff is arguing that by designating CSC as its registered agent in Delaware, Navient Corp. is therefore subject to personal jurisdiction in every jurisdiction in which CSC, a third party which engages in the business of providing registered agent services for a fee, is registered. Plaintiff fails to support either proposition with any factual or legal bases, and they should be rejected. Plaintiff has failed to include allegations in the complaint, and failed to provide evidence in his response, sufficient to show any agency relationship exists between Navient Corp. and CSC. Indeed the only evidence provided is limited to attempting to show the ability of CSC to accept service in the State of Delaware on Navient Corp.'s behalf. Plaintiff has not met the high burden of

---

[6] Plaintiff does not appear to cite this exhibit anywhere in his response.

showing that an agency relationship exists between Navient Corp. and CSC nor could he. Plaintiff has not proven that Navient Corp. has operational control over CSC, nor has he demonstrated any corporate relationship between Navient Corp. and CSC. Accordingly, Navient Corp. cannot be subject to personal jurisdiction by virtue of CSC's actions in Florida.

## CONCLUSION

Plaintiff's Response completely fails to provide any factual support for the specific personal jurisdiction alleged in the Complaint. Plaintiff instead drafts a wholly new theory of jurisdiction by agency, which remains unsupported by the argument and exhibits filed by Plaintiff. Navient Corp. has provided evidence that it is not subject to personal jurisdiction in the state of Florida. Plaintiff has not provided any actual evidence showing that Navient engages directly in business or that it has operational control over NSL. Plaintiff has therefore failed to establish that this Court has personal jurisdiction over Navient Corp. Because Plaintiff failed to support the basis for jurisdiction alleged in the Complaint, and because Plaintiff has not provided any evidence in support of his new agency theory for jurisdiction, this dismissal should be with prejudice.

Case No. 1:18-cv-23677-MGC

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 1, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Michael Van Cleve, Esquire, 99 NW 183rd St., Room 242B, North Miami Beach, FL 33169; michael@michaelvanclevelaw.com; Telephone: (334) 233-8842.

*s/ West A. Holden*
West A. Holden
Florida Bar No. 0113569
wholden@hinshawlaw.com
HINSHAW & CULBERTSON LLP
100 South Ashley Drive
Suite 500
Tampa, FL 33602
Telephone: 813-276-1662
Facsimile: 813-276-1956
Secondary: twest@hinshawlaw.com
Attorneys for Defendants Student Assistance Corporation, Navient Solutions, LLC, and Navient Corporation

302770232v1 1012821