UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-23677-Civ-COOKE/GOODMAN

MARK SOBOCIENSKI,

    Plaintiff,

vs.

STUDENT ASSISTANCE CORPORATION, *et al.*,

    Defendants.
_____/

**ORDER OF DISMISSAL**

THIS MATTER comes before me on Plaintiff's Motion for Dismissal (ECF No. 73) and Defendants' Response to Plaintiff's Motion for Dismissal (ECF No. 74). Both parties agree that: 1) they have reached a settlement and executed a settlement agreement, 2) this action should be dismissed with prejudice, and 3) the Court should retain jurisdiction to enforce the terms of the settlement agreement.[1] Accordingly, the Court **GRANTS** Plaintiff's Motion for Dismissal and retains jurisdiction to enforce the terms of the settlement agreement. *See Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272 (11th Cir. 2012). Furthermore, the Court **DISMISSES** *with prejudice* this action, **DENIES** *as moot* all pending motions and Orders the Clerk to **CLOSE** this case.

**DONE and ORDERED** in chambers, at Miami, Florida, this 3rd day of June 2019.

*[signature: Marcia G. Cooke]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Jonathan Goodman, U.S. Magistrate Judge*
*Counsel of Record*

---

[1] The Parties appear to disagree over whether to include language requiring compliance with the settlement. However, this overlooks the fact that the parties entered into a contract (the settlement agreement) that, by definition, requires the parties to comply by its terms. *See e.g.*, *Zinni v. ER Sols., Inc.*, 692 F.3d 1162, 1167 (11th Cir. 2012) (noting where a party breaches the settlement agreement and the Court retains jurisdiction, plaintiff must "litigate a breach of contract action or, perhaps, [] continue litigating the claims sought to be settled"). So the Court need not include such language in its Order of Dismissal to effectuate the parties' intent.